**Alfonso VALENCIA, a/k/a Jose Rodriguez, a/k/a Michael Jones, a/k/a Caro Ramirez, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–91–00512–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 5, 1991.

**398**

Henry K. Oncken, Houston, for appellant.

Alan Curry, Houston, for appellee.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant appeals his judgment of conviction for the offense of possession of a controlled substance with the intent to deliver, namely, cocaine, weighing less than 28 grams by aggregate weight, including any adulterants and dilutants. TEX.HEALTH & SAFETY CODE ANN. § 481.112(a), (b) (Vernon 1991). The jury rejected appellant's not guilty plea and, after finding the two enhancement paragraphs of the indictment to be true, assessed punishment at life confinement in the Institutional division of the Texas Department of Criminal Justice. We affirm.

In his sole point of error, appellant asserts the trial court erred in overruling his motion to suppress evidence secured as a result of an illegal arrest and search contrary to the Fourth amendment to the United States Constitution and article 1 section 9 of the Texas Constitution.

The relevant facts from the motion to suppress hearing are as follows: On February 19, 1991, Officers M.R. Burdick and B.K. Gill were on patrol in an area of Houston that was known for its high crime when they noticed that a van was blocking the street. As the officers approached the van, it drove away, and the officers followed. As the officers followed the van,

they noticed that it was swerving from one side of the street to the other and driving into the path of oncoming traffic. Therefore, the officers were of the opinion that the driver of the van was intoxicated. The officers operated their emergency equipment at that time and effected a stop of the van.

Before the van finally stopped, it continued to roll forward for a distance, and Burdick jumped out of the patrol car and ran up to the passenger's side of the van. The van was occupied by three individuals. Appellant was sitting in the front passenger's seat of the van. Appellant was not wearing a seat belt. Officer Gill walked up to the driver's side of the van and had the driver of the van step out of the vehicle. The driver appeared to be intoxicated on some unknown substance, and he was placed under arrest.

During this time, Burdick noticed that appellant was continually moving his hands, despite admonitions from Burdick for appellant to keep his hands where the officer could see them. Burdick asked appellant if he had any identification, and appellant said no. However, appellant did tell Burdick that his name was Michael Smith. According to police department policy, appellant was subject to arrest at that time. Burdick informed appellant that he was under arrest for not wearing a seat belt, and the officer had appellant step out of the van. Burdick conducted a pat down search of appellant, and the officer noticed that a large, hard object was located in appellant's groin area. Burdick was of the opinion that this might be a weapon, so he handcuffed appellant at that time. The officer opened appellant's pants and discovered a large amount of cash and a number of plastic baggies that contained what appeared to be cocaine. The substance recovered from appellant tested positively as cocaine. The cash recovered from appellant amounted to over $400.00.

■ As a basis for his ruling on a motion to suppress evidence, a trial court may choose to believe or disbelieve any or all of the witnesses' testimony, *Taylor v. State,* 604 S.W.2d 175, 177 (Tex.Crim.App.1980),

and an appellate court is not at liberty to disturb any finding which is supported by the record. *Green v. State,* 615 S.W.2d 700, 707 (Tex.Crim.App.1980). *See Johnson v. State,* 803 S.W.2d 272, 287 (Tex. Crim.App.1990); *Romero v. State,* 800 S.W.2d 539, 543 (Tex.Crim.App.1990).

■ When Officers Burdick and Gill saw the van, in which appellant was a passenger, blocking the street, the van was in violation of TEX.REV.CIV.STAT.ANN. art. 6701d, § 96 (Vernon 1977). When the officers saw the van swerving from one side of the street to the other, driving into the path of oncoming traffic, the van was in violation of TEX.REV.CIV.STAT.ANN. art. 6701d, §§ 51, 52 (Vernon 1977). *See also* TEX.REV.CIV.STAT.ANN. art. 6701*l*–1(b) (Vernon Supp.1991). It is well settled that a traffic violation committed in an officer's presence authorized at least an initial stop. *Armitage v. State,* 637 S.W.2d 936, 939 (Tex.Crim.App.1982); *McCallum v. State,* 608 S.W.2d 222, 225 (Tex.Crim.App.1980). *See* TEX.REV.CIV.STAT.ANN. art. 6701d, 153 (Vernon 1977); TEX.CRIM.PROC.CODE ANN. art. 14.01(b) (Vernon 1977).

■ After the van was validly stopped, Officer Burdick noticed that appellant had not been wearing a seat belt in violation of TEX.REV.CIV.STAT.ANN. art. 6701d, § 107C (Vernon Supp.1991). At that time, appellant was subject to arrest under TEX.REV.CIV.STAT.ANN. art. 6701d, § 153 (Vernon 1977) and/or TEX.CRIM.PROC. CODE ANN. art. 14.01(b) (Vernon 1977). A peace officer, after a bona fide stop for a traffic offense, may then make an additional arrest for any other offense discovered during the investigation. Further, the officer may conduct a search incident to such arrest. *Christopher v. State,* 639 S.W.2d 932, 935 (Tex.Crim.App.1982).

■ At the hearing on the appellant's motion to suppress, Officer Burdick testified that, when the officers operated their emergency equipment in order to stop the van, the van continued to roll forward before actually stopping, and Burdick, got out of the patrol car and approached the passenger's side of the van at that time. It

was shortly thereafter that Burdick saw that appellant was not wearing his seat belt.

We reject appellant's suggestion that Burdick's arrest of him was invalid because it was not certain that appellant actually committed all of the elements of the offense under TEX.REV.CIV.STAT.ANN. art. 6701d, § 107C (Vernon Supp.1991). We find that the issue in this case is not whether appellant actually committed an offense under art. 6701d, § 107C; the issue is whether Officer Burdick had probable cause to believe that appellant actually committed an offense under art. 6701d, § 107C.

In *Beverly v. State,* the court held that an officer had probable cause to believe that the defendant had committed the offense of criminal trespass, even though all of the elements of the offense were not committed in the arresting officer's presence. *Beverly v. State,* 792 S.W.2d 103, 105 (Tex.Crim.App.1990). Proof of the actual commission of an offense is not a prerequisite to the arrest of an individual under either TEX.REV.CIV.STAT.ANN. art. 6701d, § 153 (Vernon 1977) or TEX.CRIM. PROC.CODE ANN. art. 14.01(b) (Vernon 1977). *Angel v. State,* 740 S.W.2d 727, 731 n. 11 (Tex.Crim.App.1987); *Drago v. State,* 553 S.W.2d 375, 377 (Tex.Crim.App.1977).

Furthermore, without regard to whether or not Officer Burdick had probable cause to arrest appellant, the officers were justified in conducting an investigative detention of appellant in this particular situation.

Appellant was apprehended in a residential neighborhood that was known for its very high crime and its high narcotics trafficking. After noting the numerous traffic violations by the van, in which appellant was a front seat passenger, and after validly stopping the van, the officers noticed that appellant and the other passenger were making a great deal of movement in the van as the officers approached. Appellant had no identification and he refused to cooperate with Officer Burdick's request that he keep his hands where the officer could see them.

After an officer has validly stopped a vehicle for a traffic offense, the officer may conduct a brief investigative detention of the occupants of the vehicle, based upon his observations of suspicious activity by the occupants of the vehicle before and after the stop, combined with his knowledge of the area and the frequency of crime in the area, and the reasonable inferences to be drawn from the behavior of the occupants of the vehicle. *See Goodwin v. State,* 799 S.W.2d 719, 727 (Tex.Crim.App. 1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2913, 115 L.Ed.2d 1076 (1991).

An occupant of an automobile is just as subject to a brief detention as is a pedestrian. *Johnson v. State,* 658 S.W.2d 623, 626 (Tex.Crim.App.1983). In the course of such a temporary detention, an officer may conduct a limited search for weapons where it is reasonably warranted for the officer's safety or the safety of others. *Ramirez v. State,* 672 S.W.2d 480, 482 (Tex.Crim.App.1984). Therefore, upon being justified in conducting a temporary detention of appellant, Officer Burdick was justified in conducting a search of appellant for weapons. Upon discovering what the officer thought was a weapon, he could conduct a further search and seize the evidence.

We find that Officer Burdick had probable cause to arrest appellant without a warrant, and therefore, could conduct a search of appellant incident to that arrest. Further, based upon the facts and circumstances of this particular case, the officers also had sufficient reasonable suspicion in order to conduct a temporary investigative detention of appellant; after the pat down search of appellant revealed what appeared to be a weapon, the officers were justified in conducting a further search and seizing the evidence recovered in this case. The trial court did not err in overruling appellant's motion to suppress. Appellant's sole point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.