COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

DONALD EARL ROLEN,                                   )

                                                                              )              
No.  08-03-00134-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )                
106th District Court

THE STATE OF TEXAS,                                     )

                                                                              )            
of Gaines County, Texas

Appellee.                           )

                                                                              )                    (TC# 02-3203)

                                                                              )

 

 

O
P I N I O N

 

Donald Earl Rolen
appeals from a third degree felony conviction for the offense of driving a
motor vehicle in a public place, while intoxicated, with two or more previous
convictions for the same type of offense. 
Appellant was found guilty by a jury trial and was sentenced to 5 year=s imprisonment.  In a single issue on appeal, Appellant
contends the trial court abused its discretion in denying his motion to
suppress on the grounds that there was no reasonable suspicion to stop his
vehicle.  We affirm. 








On March 30, 2002,
State Trooper Kenneth Reed responded to a dispatch call indicating that a
possibly intoxicated driver was driving south from Seagraves towards
Odessa.  Trooper Reed was also given a
description of the vehicle.  The dispatch
report was a result of a disturbance call from Appellant=s
ex-wife Michele Rolen=s
home where Appellant had attempted to gain entry into the home.  Appellant hit the door of the home, but Mrs.
Rolen did not let him enter.  The
fighting between Appellant and Mrs. Rolen frightened their young daughter who
in turn called the maternal grandmother. 
The grandmother overheard the fighting over the telephone and asked the
granddaughter if Appellant was intoxicated. 
The granddaughter stated that he was. 
The grandmother then called 911. 
The police responded to the call, but by the time they arrived at Mrs.
Rolen=s home,
Appellant had left.  According to the
testimony of the police officer that responded to the call, Mrs. Rolen told him
that Appellant was intoxicated and that he may be carrying a hand gun.  Mrs. Rolen also stated that Appellant would
be traveling south on Highway 385 towards Odessa.  During the trial, however, Mrs. Rolen
testified that she had never stated that Appellant was intoxicated.  

Trooper Reed
testified that he witnessed Appellant driving at 50 mph, which was below the
posted speed limit, and driving on the shoulder of the road.  After confirming that the vehicle was in fact
Appellant=s,
Trooper Reed turned on his emergency lights to attempt a traffic stop.  Although it was possible to pull over
immediately, Appellant continued to drive and eventually drove into a county
park.  Once inside the park grounds, he
drove for a considerable distance before finally stopping the vehicle.  When Trooper Reed approached Appellant, he
noticed Appellant=s eyes
were bloodshot, he had slurred speech, and the smell of alcohol was
present.  Trooper Reed asked Appellant to
complete four sobriety tests during which Trooper Reed noticed numerous clues
of intoxication; Appellant was then placed under arrest.  Once Appellant and Trooper Reed arrived at
the Gaines County Sherriff=s
Department, Appellant voluntarily took an intoxilizer test.  His breath samples measured 0.155 and 0.157
grams of alcohol per 210 liters of breath which were above the legal limit of
0.080 grams.








Appellant filed a
pretrial motion to suppress any evidence obtained by the police arguing that
there was no reasonable suspicion to stop his vehicle.  After a hearing on this issue, the trial
court denied the motion.  During the
trial, Appellant renewed his objection on the suppression issue on the grounds
that the State had not shown Appellant violated any law or did anything to
require the stop.  The trial court
overruled the objection but allowed Appellant a running objection.  Appellant was found guilty of the offense of
driving and operating a motor vehicle in a public place while intoxicated, with
two or more previous convictions for the same type of offense and was assessed
a punishment of five years=
imprisonment.  Appellant now timely
appeals.

In his sole issue
for review, Appellant argues the trial court abused its discretion by denying
Appellant=s motion
to suppress based on the lack of reasonable suspicion to stop Appellant=s vehicle.  Specifically, Appellant argues that the
officer did not observe any signs of intoxication and no traffic violation was
committed to establish reasonable suspicion to stop his vehicle.

Standard
of Review and Applicable Law








We review a trial
court=s ruling
on a motion to suppress based upon an alleged lack of probable cause or
reasonable suspicion using the bifurcated standard of review articulated in Guzman
v. State, 955 S.W.2d 85 (Tex.Crim.App. 1997).  See Carmouche v. State, 10
S.W.3d 323, 327 (Tex.Crim.App. 2000); Krug v. State, 86 S.W.3d 764, 765
(Tex.App.--El Paso 2002, pet. ref=d).  Under this standard, we afford almost total
deference to the trial court=s
express or implied determination of historical facts and review de novo
the court=s
application of the law pertaining to search and seizure to those facts.  State v. Ross, 32 S.W.3d 853, 856
(Tex.Crim.App. 2000); Carmouche, 10 S.W.3d at 327; Krug, 86
S.W.3d at 765.  As there were no explicit
findings of historical facts by the trial court, the evidence must be viewed in
a light most favorable to the trial court=s
ruling.  Carmouche, 10 S.W.3d at
327.

A police officer
may stop and briefly detain a person for investigative purposes if the officer,
in light of his experience, has a reasonable suspicions supported by
articulable facts that criminal activity was afoot.  Terry v. Ohio, 392 U.S. 1, 30, 88
S.Ct. 1868, 1884, 20 L.Ed.2d 889 (1968). 
The reasonableness of a temporary detention must be examined in terms of
the totatility of the circumstances.  Illinois
v. Gates, 462 U.S. 213, 230-31, 103 S.Ct. 2317, 2328, 76 L.Ed.2d 527
(1983); Woods v. State, 956 S.W.2d 33, 38 (Tex.Crim.App. 1997).  A temporary detention is justified when the
detaining officer has specific articulable facts which, taken together with
rational inferences from those facts, lead him to conclude that the person
detained is, has been, or soon will be engaged in criminal activity.  Woods, 956 S.W.2d at 38.  A reasonable suspicion means more than a mere
hunch or suspicion.  Davis v. State,
947 S.W.2d 240, 244 (Tex.Crim.App. 1997). 
A detention is not permissible unless the circumstances objectively
support a reasonable suspicion of criminal activity.  Id.

There is no
requirement that a particular statute be violated in order to give rise to
reasonable suspicion.  Gajewski v.
State, 944 S.W.2d 450, 452 (Tex.App.--Houston [14th Dist.] 1997, no
pet.).  If an officer has a reasonable
basis for suspecting a person has committed a traffic offense, the officer may
legally initiate a traffic stop.  McVickers
v. State, 874 S.W.2d 662, 664 (Tex.Crim.App. 1993).  The State is not required to show a traffic
offense was actually committed, but only that the officer reasonably believed a
violation was in progress.  Valencia
v. State, 820 S.W.2d 397, 400 (Tex.App.--Houston [14th Dist.] 1991, pet.
ref=d).








In this case,
Trooper Reed testified at the suppression hearing that he observed Appellant=s vehicle traveling 50 mph, which was
below the posted speed limit.  He also
noticed the vehicle was driving on the shoulder of the road.  While Appellant did not testify at the suppression
hearing, during the trial, Appellant testified that he was not driving on the
shoulder of the road.  On appeal,
Appellant reasserts that he was not driving on the shoulder of the road, but he
argues that if he had been, veering into the shoulder of the road was
reasonable due to the weather conditions on the night in question and
therefore, no traffic violation was committed. 
Appellant contends that because it was raining and there was thunder and
lighting on the night in question, he may have not even been aware that he was
veering into the shoulder.  Tex.Transp.Code Ann. ' 545.058(a)(7)(Vernon 1999) allows for
an operator of a vehicle to drive on an improved shoulder in order to avoid a
collision.  Appellant relies on this
section to make the argument that given the weather conditions, it was
reasonable for him to veer into the shoulder of the road.  We point out however, that Trooper Reed
testified that Appellant was driving on the shoulder of the road, not merely
veering into it.  There is no evidence on
the record indicating the need for Appellant to drive on the shoulder of the
road to avoid a collision.  Furthermore,
Appellant cites to no authority to support this argument.  

Appellant
continues this line of argument and states that even if veering into the
shoulder of the road had been a traffic violation, that under Tex.Transp.Code Ann. ' 545.060(a)(1)  which allows for the driving within a single
lane as nearly as practical, the weather conditions would have negated that
practicality.  Therefore, there was no
traffic violation and no reasonable suspicion to stop Appellant=s vehicle.








Trooper Reed=s testimony does not state that he only
relied upon the fact that Appellant was driving 50 mph, and that he was driving
on the shoulder of the road to decide to make the stop.  Trooper Reed testified that he was also
relying on the information provided to him through the dispatch report.  We recognize that while an anonymous tip or
telephone call may justify the initiation of an investigation, it alone will
rarely establish the level of suspicion required to justify a detention.  See Alabama v. White, 496 U.S. 325,
329, 110 S.Ct. 2412, 2415-16, 110 L.Ed.2d 301 (1990); Davis v. State,
989 S.W.2d 859, 863 (Tex.App.‑‑Austin 1999, pet. ref=d). 
A police officer must have additional facts before the officer may
reasonably conclude that the tip is reliable and an investigatory detention is
justified.  See Davis, 989 S.W.2d
at 863.  An officer=s prior knowledge and experience, and
his corroboration of the details of the tip, may be considered in giving the
anonymous tip the weight it deserves.  See
id. at 864.

This case doe not
present the situation where the officer is relying solely on an informant=s tip. 
In this case, Trooper Reed testified that in the length of his career as
a trooper, he has made approximately 100 stops in which he suspected the driver
to be intoxicated.  He testified that
some of the clues of an intoxicated driver are driving at a slow speed, driving
on the shoulder of the road, and taking a long time to come to a stop.  Trooper Reed had a description of the
vehicle, the direction the vehicle would be traveling, the name of the person
who owned the vehicle, which he confirmed when he radioed in the license plate
number of the vehicle before making the stop.

Having reviewed
the entire record, and examining the totality of circumstances, we believe that
Trooper Reed had reasonable suspicion to stop and detain Appellant.  We find that the trial court did not abuse
its discretion in overruling the pretrial suppression motion.  Issue One is overruled.








We affirm the
trial court=s
judgment.

 

July
1, 2004

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 3

Barajas, C.J., Larsen, and Chew, JJ.

 

(Do Not Publish)