NO. 07-03-0370-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



OCTOBER 8, 2004



______________________________




ROBERT CASH RICHARDSON, 


 

 Appellant


v.



THE STATE OF TEXAS, 



 Appellee



_________________________________



FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;



NO. 14,828-A; HON. HAL MINER, PRESIDING



_______________________________



Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

 In one issue, appellant Robert Cash Richardson challenges his conviction after a
guilty plea of possession of a controlled substance in an amount of four grams or more but
less than 200 grams. In that issue, he contends the trial court erred in failing to grant his
motion to suppress due to an unlawful stop. We affirm the judgment of the trial court. 

 On November 18, 2002, at approximately 10:25 p.m., appellant's vehicle was
stopped by Officers Cody Lavery and Thomas Hightower in Amarillo for failure to signal a
left turn on to Washington Street and for failure to display a front license plate. After the
stop, a search for weapons was conducted of appellant, and he was found to possess
methamphetamine in his pants pocket.

 Appellant argues that the testimony of the officers was contradictory and not
credible when they claimed to have stopped him for a traffic offense. We review a trial
court's ruling on a motion to suppress under the standard announced in Guzman v. State,
955 S.W.2d 85 (Tex. Crim. App. 1997). Thus, we give almost total deference to the trial
court's findings of historical fact and review de novo its application of the law to the facts. 
Id. at 89. 

 Lavery testified that he noticed that appellant failed to signal his turn, which he
considered to be a traffic violation. He mentioned that fact to Hightower, who informed
Lavery that there was not a visible front license plate on the vehicle. Thereafter, a traffic
stop was conducted. Once the vehicle was stopped, it was observed that there was in fact
a license plate in the windshield but it was not visible to passing motorists. It was also
discovered that appellant did not have a driver's license or insurance. Hightower
conducted a search for weapons and found a knife and the methamphetamine. Appellant
received citations for having no driver's license, no insurance, and an expired registration.

 Hightower testified that as they passed appellant's vehicle, he noticed that there was
no front license plate displayed. Lavery also told him that the driver had failed to signal his
intent to turn. After the vehicle was stopped and appellant was exiting the vehicle,
Hightower noticed appellant putting his hands in his pocket. That action caused Hightower
to be wary of a possible weapon, and he asked appellant for a driver's license, which
appellant did not have. Hightower again noticed appellant put his hands in his pockets,
and he asked appellant if he had any weapons. Appellant replied that he had a couple of
knives on him. At that point, Hightower conducted a pat-down search. In doing so, he
located a knife and the methamphetamine. Hightower admitted that the vehicle had a front
license plate in the windshield but stated it was not visible. He also conceded he told
appellant he had been stopped due to an improperly mounted license tag and not due to
an illegal turn. 

 Appellant testified that he had signaled his turn and that his license plate was visible
in the front window. He also stated he was told he was stopped due to the failure to have
a visible license plate. 

 It is reasonable for a police officer to stop a vehicle where he has probable cause
to believe that a traffic violation has occurred. Walter v. State, 28 S.W.3d 538, 542 (Tex.
Crim. App. 2000). Proof of the actual commission of an offense is not required as long as
there is a reasonable suspicion that a traffic offense has been committed. Joubert v. State,
129 S.W.3d 686, 688 (Tex. App.--Waco 2004, no pet.); Valencia v. State, 820 S.W.2d 397,
400 (Tex. App.--Houston [14th Dist.] 1991, pet. ref'd). Once the officers observed the
vehicle which did not appear to have a front license plate, there was probable cause to
believe they were witnessing a traffic violation, and the stop was justified even though it
was later discovered that the vehicle did have a front plate. Foster v. State, 814 S.W.2d
874, 876 (Tex. App.--Beaumont 1991, pet. ref'd). Moreover, after an initial traffic stop, an
officer is entitled to request a driver's license, insurance papers, and information on the
ownership of the vehicle. Powell v. State, 5 S.W.3d 369, 377 (Tex. App.--Texarkana 1999,
pet. ref'd), cert. denied, 529 U.S. 1116, 120 S.Ct. 1976, 146 L.Ed.2d 805 (2000); Mohmed
v. State, 977 S.W.2d 624, 628 (Tex. App.--Fort Worth 1998, pet. ref'd). 

 Appellant argues that once the officers observed he had a front license plate, they
had no probable cause to search him. Assuming arguendo appellant is correct in that it
would have been impossible for the officer to have seen whether he made a left turn
signal, (1) nearly contemporaneous with the officer's discovery of a front license plate was
Hightower's observation of appellant putting his hands in his pockets, which aroused his
suspicion and his discovery that appellant was carrying a knife and did not have a valid
driver's license. See Foster v. State, 814 S.W.2d at 879 (holding that contemporaneous
with the officer's loss of probable cause for ticketing the defendant for failure to display a
rear license plate was the growing probable cause to suspect the defendant was in
violation of the controlled substance laws). Thus, the officers were justified in their
continued detention of appellant even after discovery of the license plate. 

 Appellant argues that the "real reason" for the stop was to try to convince appellant
to be an informant for the police department. Even if the same were true, a traffic stop is
not invalidated based on the subjective motivation of a police officer as long as there is an
objectively valid reason for the stop. Walter v. State, 28 S.W.3d at 542 n.19; Crittendon
v. State, 899 S.W.2d 668, 674 (Tex. Crim. App. 1995). In this instance, there was such
a valid basis. 

 Accordingly, we conclude that the trial court did not abuse its discretion in denying
the motion to suppress, and the judgment of the trial court is affirmed.

 

 Per Curiam 


Do not publish.

 
1. The stop would have been justified due to the failure to signal a left turn. Even though there was a
dispute as to whether the officer could have seen whether the turn signal was on, the matter was a fact issue
for the trial court to resolve. 



emiHidden="false"
 UnhideWhenUsed="false" Name="Medium Grid 2 Accent 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00106-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 



JULY
20, 2010

 



 

JOHN T. SAUTTER, MARYAH M. SAUTTER, DONALD R. CRUVER AND ANITA E. CRUVER, APPELLANTS

 

v.

 

CITY OF HORSESHOE BAY, APPELLEE 



 



 

 FROM THE 424TH DISTRICT COURT OF LLANO
COUNTY;

 

NO. 16,119; HONORABLE DANIEL H. MILLS, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

The parties to this appeal have filed
a joint motion requesting dismissal of the appeal.  See
Tex. R. App. P. 42.1(a).  According to
the motion, the parties have settled all matters in controversy and made the
basis of this cause of action.  The
parties have also agreed that costs shall be borne by the party incurring
them.  See Tex. R. App. P. 42.1(d).

No decision of this court having been
delivered to date, we grant the motion. Accordingly, the appeal is
dismissed.  No motion for rehearing will
be entertained and our mandate will issue forthwith.  All costs incurred are taxed against the
party incurring them.  

                                                                                                James
T. Campbell

                                                                                                            Justice