NO. 07-03-0370-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 8, 2004

_____


ROBERT CASH RICHARDSON,

Appellant

v.

THE STATE OF TEXAS,

Appellee


_____

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 14,828-A; HON. HAL MINER, PRESIDING

_____

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

In one issue, appellant Robert Cash Richardson challenges his conviction after a guilty plea of possession of a controlled substance in an amount of four grams or more but less than 200 grams. In that issue, he contends the trial court erred in failing to grant his motion to suppress due to an unlawful stop. We affirm the judgment of the trial court.

On November 18, 2002, at approximately 10:25 p.m., appellant's vehicle was stopped by Officers Cody Lavery and Thomas Hightower in Amarillo for failure to signal a left turn on to Washington Street and for failure to display a front license plate. After the stop, a search for weapons was conducted of appellant, and he was found to possess methamphetamine in his pants pocket.

Appellant argues that the testimony of the officers was contradictory and not credible when they claimed to have stopped him for a traffic offense. We review a trial court's ruling on a motion to suppress under the standard announced in *Guzman v. State,* 955 S.W.2d 85 (Tex. Crim. App. 1997). Thus, we give almost total deference to the trial court's findings of historical fact and review *de novo* its application of the law to the facts. *Id.* at 89.

Lavery testified that he noticed that appellant failed to signal his turn, which he considered to be a traffic violation. He mentioned that fact to Hightower, who informed Lavery that there was not a visible front license plate on the vehicle. Thereafter, a traffic stop was conducted. Once the vehicle was stopped, it was observed that there was in fact a license plate in the windshield but it was not visible to passing motorists. It was also discovered that appellant did not have a driver's license or insurance. Hightower conducted a search for weapons and found a knife and the methamphetamine. Appellant received citations for having no driver's license, no insurance, and an expired registration.

Hightower testified that as they passed appellant's vehicle, he noticed that there was no front license plate displayed. Lavery also told him that the driver had failed to signal his intent to turn. After the vehicle was stopped and appellant was exiting the vehicle, Hightower noticed appellant putting his hands in his pocket. That action caused Hightower

2

to be wary of a possible weapon, and he asked appellant for a driver's license, which appellant did not have. Hightower again noticed appellant put his hands in his pockets, and he asked appellant if he had any weapons. Appellant replied that he had a couple of knives on him. At that point, Hightower conducted a pat-down search. In doing so, he located a knife and the methamphetamine. Hightower admitted that the vehicle had a front license plate in the windshield but stated it was not visible. He also conceded he told appellant he had been stopped due to an improperly mounted license tag and not due to an illegal turn.

Appellant testified that he had signaled his turn and that his license plate was visible in the front window. He also stated he was told he was stopped due to the failure to have a visible license plate.

It is reasonable for a police officer to stop a vehicle where he has probable cause to believe that a traffic violation has occurred. *Walter v. State,* 28 S.W.3d 538, 542 (Tex. Crim. App. 2000). Proof of the actual commission of an offense is not required as long as there is a reasonable suspicion that a traffic offense has been committed. *Joubert v. State,* 129 S.W.3d 686, 688 (Tex. App.--Waco 2004, no pet.); *Valencia v. State,* 820 S.W.2d 397, 400 (Tex. App.--Houston [14th Dist.] 1991, pet. ref'd). Once the officers observed the vehicle which did not appear to have a front license plate, there was probable cause to believe they were witnessing a traffic violation, and the stop was justified even though it was later discovered that the vehicle did have a front plate. *Foster v. State,* 814 S.W.2d 874, 876 (Tex. App.--Beaumont 1991, pet. ref'd). Moreover, after an initial traffic stop, an officer is entitled to request a driver's license, insurance papers, and information on the ownership of the vehicle. *Powell v. State,* 5 S.W.3d 369, 377 (Tex. App.--Texarkana 1999,

3

pet. ref'd), *cert. denied,* 529 U.S. 1116, 120 S.Ct. 1976, 146 L.Ed.2d 805 (2000); *Mohmed v. State,* 977 S.W.2d 624, 628 (Tex. App.--Fort Worth 1998, pet. ref'd).

Appellant argues that once the officers observed  he had a front license plate, they had no probable cause to search him.  Assuming *arguendo* appellant is correct in that it would have been impossible for the officer to have seen whether he made a left turn signal,[1] nearly contemporaneous with the officer's discovery of a front license plate was Hightower's observation of appellant putting his hands in his pockets, which aroused his suspicion and his discovery that appellant was carrying a knife and did not have a valid driver's license.  *See Foster v. State,* 814 S.W.2d at 879 (holding that contemporaneous with the officer's loss of probable cause for ticketing the defendant for failure to display a rear license plate was the growing probable cause to suspect the defendant was in violation of the controlled substance laws).  Thus, the officers were justified in their continued detention of appellant even after discovery of the license plate.

Appellant argues that the "real reason" for the stop was to try to convince appellant to be an informant for the police department.  Even if the same were true, a traffic stop is not invalidated based on the subjective motivation of a police officer as long as there is an objectively valid reason for the stop.  *Walter v. State,* 28 S.W.3d at 542 n.19; *Crittendon v. State,* 899 S.W.2d 668, 674 (Tex. Crim. App. 1995).  In this instance, there was such a valid basis.

---

[1]The stop would have been justified due to the failure to signal a left turn.  Even though there was a dispute as to whether the officer could have seen whether the turn signal was on, the matter was a fact issue for the trial court to resolve.

Accordingly, we conclude that the trial court did not abuse its discretion in denying the motion to suppress, and the judgment of the trial court is affirmed.

Per Curiam

Do not publish.