Affirmed and Memorandum Opinion
filed June 3, 2010.

 

In
The

Fourteenth
Court of Appeals



NOS. 14-08-00804-CR, 14-08-00786-CR



Cedric D.
Horton, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 339th District Court

Harris County, Texas

Trial Court
Cause Nos. 1145506, 1145507



 

MEMORANDUM OPINION 

Appellant Cedric D. Horton challenges his convictions
for possession of a controlled substance and felon-in-possession of a firearm,
claiming the trial court erred in denying his motion to suppress evidence seized
during his detention and arrest.  We affirm.

I.  Factual and Procedural
Background

Following a traffic stop, appellant was charged by
indictment with two offenses: (1) possession of a controlled substance and (2) being
a felon in possession of a firearm.  Appellant filed a motion to suppress
evidence seized by law enforcement officers as the fruit of an allegedly illegal
search and seizure.  The evidence appellant sought to suppress consisted of a
pill bottle with 14 crack cocaine rocks, a clear plastic bag with 23 grams of
crack cocaine, a .380 caliber pistol, any testimony by the officers concerning
such evidence, and any written or oral statement made by appellant to the officers. 


At a hearing on appellant’s motion, the State
stipulated that there was no warrant for appellant’s arrest.  Viewing the
evidence in the light most favorable to the trial court’s ruling,[1] the record
from the hearing reflects the following:

Officer Vaughn, in an unmarked police vehicle, was conducting
surveillance of a parking lot in a high-traffic narcotics area.  Officer Vaughn
observed a man exit a parked vehicle and then enter a vehicle driven by appellant,
which had just arrived.  Based on his experience, Officer Vaughn believed that
he was witnessing the beginning of a narcotics transaction.  Officer Vaughn then
followed the vehicle as it left the parking lot.  He observed appellant commit
a traffic violation by failing to signal a right turn.  By radio communication,
Officer Vaughn notified Officer Novak and Officer Abel to pursue appellant in
marked police cruisers.

Officer Abel and Officer Novak testified that they
learned of the suspected narcotics transaction and traffic violation by radio communications
with Officer Vaughn, a plain-clothes officer.  Officer Novak and Officer Abel
each pursued appellant in their respective patrol vehicles and activated emergency
lights and sirens to notify appellant to pull over.  Both Officer Novak and
Officer Abel testified that appellant’s vehicle slowed before coming to a stop,
which, based on their experiences, indicated that the occupants of the vehicle
were trying to conceal contraband or trying to retrieve a weapon.  However, neither
officer saw these overt movements inside the vehicle as it slowed.

After the vehicle stopped, Officer Novak and Officer
Abel approached the vehicle with caution and with their weapons drawn because
of the possible threat of weapons in the vehicle.  Officer Vaughn then arrived on
the scene and approached the passenger’s side of the vehicle; he did not have
his weapon drawn.  Officer Vaughn testified that he saw movement inside the
vehicle and saw the occupants storing a pill bottle in the vehicle’s center
console.  He alerted the other officers to movement inside the vehicle.  His
role at the scene was to continue to conduct surveillance.

Because Officer Vaughn alerted the officers to
movement within the vehicle, Officer Novak ordered appellant to exit the
vehicle.  Officer Novak observed a slight bulge in the front of appellant’s
waistband, which the officer knew from experience is a common place to conceal
a weapon.  Officer Novak conducted a pat-down of appellant, located a pistol
and a razor blade, and placed appellant under arrest for possessing a weapon.  Officer
Novak checked appellant’s criminal record to determine whether appellant’s
criminal history prohibited him from carrying a weapon.  Officer Abel searched
and arrested the passenger, Robert Duane Johnson.  

At some point thereafter, two other officers arrived
on the scene.  Officer Novak recalled that he may have assisted the other officers
in searching appellant’s vehicle.  Officers recovered crack cocaine from the
vehicle’s center console.  Officer Novak and Officer Vaughn each confirmed that
appellant’s vehicle was searched after appellant and Johnson were searched and
arrested; Officer Abel did not know whether the vehicle was searched before or
after Officer Novak recovered the gun from appellant.

Appellant testified and admitted that the narcotics
belonged to him; he placed the narcotics in the center console before the
evening in question.  He claimed that he was handcuffed, searched, and that the
gun slid from his waistband into his underwear as he exited the vehicle.  He
claimed that the officers recovered the gun from his underwear in a subsequent search
after he alerted officers to the location of the gun.  Although appellant
claimed that the vehicle was searched before the officers found the gun, he
testified that he was standing beside the vehicle with an officer as other
officers searched his vehicle.  Johnson testified that officers searched him
and appellant at the same time.  Johnson claimed to be in custody in the back
of a police cruiser when he saw the officers search appellant’s vehicle; but
Johnson testified that officers searched the vehicle before recovering the gun
from appellant.[2]


The trial court did not rule on the motion at the
conclusion of the hearing, but ultimately denied appellant’s motion to
suppress.  Appellant waived his right to a jury and judicially confessed to
committing the charged offenses.  The trial court sentenced appellant to five
years’ confinement for each cause number with the sentences to run
concurrently.  The trial court certified appellant’s right to appeal the denial
of his motion to suppress.

II.  Analysis

In a single issue on appeal, appellant claims the
trial court erred in overruling the motion to suppress.  Appellant argues that the
weapon and narcotics should have been suppressed because the officers conducted
an unlawful stop and search of appellant and his vehicle.  According to
appellant, because the arresting officer did not witness the traffic violation
and because the testimony at the hearing was not sufficient to prove that
appellant failed to use a turn signal, there were no lawful grounds for the
stop.

We review a trial court’s ruling on a motion to
suppress evidence under a bifurcated standard of review.  Guzman v. State,
955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  At a suppression hearing, the trial
court is the sole finder of fact and is free to believe or disbelieve any or
all of the evidence presented.  Wiede v. State, 214 S.W.3d 17, 24 (Tex.
Crim. App. 2007).  We give almost total deference to the trial court’s
determination of historical facts that depend on credibility and demeanor, but
review de novo the trial court’s application of the law to the facts if
resolution of those ultimate questions does not turn on the evaluation of
credibility and demeanor.  See Guzman, 955 S.W.2d at 89.  When, as in
this case, there are no written findings of fact in the record, we uphold the
ruling on any theory of law applicable to the case and presume the trial court
made implicit findings of fact in support of its ruling so long as those
findings are supported by the record.  State v. Ross, 32 S.W.3d 853,
855–56 (Tex. Crim. App. 2000).  We view a trial court’s ruling on a motion to
suppress “‘in the light most favorable to the trial court’s ruling.’”  See
Wiede, 214 S.W.3d at 24 (quoting State v. Kelly, 204 S.W.3d 808, 818
(Tex. Crim. App. 2006)).  If supported by the record, a trial court’s ruling on
a motion to suppress will not be overturned.  Mount v State, 217 S.W.3d
716, 724 (Tex. App.—Houston [14th Dist.] 2007, no pet.).  

A warrantless arrest is permitted only when probable
cause for an arrest exists and at least one of the statutory exceptions to the
warrant requirement is met.  McGee v. State, 105 S.W.3d 609, 614 (Tex.
Crim. App. 2003).  A peace officer may lawfully stop a motorist who commits a
traffic violation when the officer has probable cause to believe a traffic
violation has occurred.  Garcia v. State, 827 S.W.2d 937, 944 (Tex. Crim.
App. 1992).  A peace officer may make a warrantless arrest of any person who
commits a traffic violation.  Tex.
Transp. Code Ann. § 543.001 (Vernon 1999); see Tex. Code Crim. Proc. Ann. art.
14.01(b) (Vernon 2005) (“A peace officer may arrest an offender without a
warrant for any offense committed in his presence or within his view.”); Vafaiyan
v. State, 279 S.W.3d 374, 380 (Tex. App.—Fort Worth 2008, pet. ref’d)
(providing that a violation of Texas traffic laws constitutes probable cause to
arrest).  Under the Texas Transportation Code, a motorist commits a traffic
violation if the motorist turns without first properly signaling for at least
one hundred feet prior to making the turn.  Tex.
Transp. Code Ann. § 545.104 (Vernon 1999); see Vafaiyan, 279 S.W.3d
at 380.  

Appellant asserts that Officer Vaughn’s testimony was
insufficient to establish probable cause to arrest for a traffic offense. 
According to the record from the suppression hearing, Officer Vaughn witnessed
appellant failing to signal a right turn and communicated this information to
Officer Novak and Officer Abel.  Officer Novak testified that at the time of
the stop, he knew from Officer Vaughn’s radio communications that appellant had
violated a traffic ordinance by failing to signal a turn from West Sam Houston
onto Green Fork Road.  Officer Vaughn arrived on the scene when appellant was
stopped and continued to conduct surveillance.  Although appellant testified
that he used a turn signal, as sole judge of the witnesses’ credibility at the
suppression hearing, the trial court could have decided to believe the
officers’ testimony and disbelieve appellant’s testimony.  See Weide,
214 S.W.3d at 24.  Proof of the actual commission of the offense is not a
statutory prerequisite to arrest under article 14.01(b) or in developing
probable cause to arrest.  See Valencia v. State, 820 S.W.2d 397, 400
(Tex. App.—Houston [14th Dist.], 1991 pet. ref’d) (rejecting argument that
arrest was not valid because it was not certain that appellant committed all
elements of a traffic offense).  The record reflects that the officers’
testimony was sufficient to establish probable cause to arrest appellant for a
traffic violation.  See Vafaiyan, 279 S.W.3d at 380 (deferring to trial
court’s findings that officers’ observations of the accused’s failure to signal
a turn were sufficient to constitute probable cause for the stop).

Appellant also contends that there were no lawful
grounds for the stop because Officer Novak did not personally observe a traffic
violation.  However, when there has been some cooperation among police
officers, a reviewing court may consider the cumulative information known to
those cooperating officers at the time of the stop when determining whether
probable cause to arrest exists.  See Woodward v. State, 668 S.W.2d 337,
344 (Tex. Crim. App. 1982) (holding that the sum of the information known to
the cooperating officers at the time of an arrest or search by any of the
officers involved may be considered when determining whether the officers had
sufficient probable cause); see also Hoag v. State, 728 S.W.2d 375, 380
(Tex. Crim. App. 1987) (involving reasonable suspicion developed from
cumulative information known to cooperating officers).  In this case, the
officers maintained radio communications regarding the suspected narcotics
transaction and traffic offense and then worked together to effectuate
appellant’s arrest.  Furthermore, even though Officer Vaughn observed the
traffic violation, he is not required to personally effectuate the warrantless
arrest as long as he observed the offense, effectively participated in the
arrest, and was fully aware of the circumstances of the arrest.  See Astran
v. State, 799 S.W.2d 761, 764 (Tex. Crim. App. 1990) (involving officer who
observed offense, was part of a combined effort to arrest the drug offender,
offered description of offender, and maintained radio contact with arresting
officers, all of which satisfied the requirements of article 14.01(b)).  The record
in this case supports an implied finding of fact by the trial court that
appellant’s traffic violation provided probable cause for his warrantless
arrest.

Officers are not prohibited from searching an
arrestee incident to lawful arrest; therefore the officers’ search of appellant
was proper.  See McGee, 105 S.W.3d at 615 (providing that a person may
be subject to a search incident to a lawful arrest).  After Officer
Novak ordered appellant from the vehicle, he searched appellant and recovered a
gun and razor blade from appellant’s waistband.  Officer Novak checked
appellant’s criminal history to determine whether he was permitted to carry a
weapon.  After stopping a vehicle for a traffic offense, a peace officer may
make an additional arrest for any other offense discovered during the investigation. 
Valencia, 820 S.W.2d at 399.  According to the record, Officer Novak and
Officer Abel each testified that appellant was then arrested for possession of
the weapon in addition to the traffic violation.  

Police may search a vehicle incident to a recent
occupant’s lawful arrest in two instances:  (1) when the arrestee is unrestrained
by officers and is within reaching distance of the passenger compartment at the
time of the search or (2) when it is reasonable to believe that the passenger
compartment of the vehicle contains evidence relevant to the offense of arrest. 
Arizona v. Gant, — U.S. —, 129 S. Ct. 1710, 1719, 1723, 173 L. Ed. 2d 485
(2009).  Absent these two justifications, a search of an arrestee’s vehicle
will be unreasonable unless the officer obtains a warrant to show that another
exception to the warrant requirement applies.  Id. at 1723–24.  

Appellant testified at the suppression hearing that
he stood with an officer beside his vehicle during the officers’ search of his
vehicle; however, he also testified that he was handcuffed and searched as he
exited the vehicle.  Officer Novak could not recall when he placed handcuffs on
appellant.  Based on the record, the officers likely would not have been
justified in searching appellant’s vehicle to prevent him from reaching into
the passenger compartment at the time of the search.  See id. at 1719
nn.2–3; see also Hill v. State, 303 S.W.3d 863, 875 (Tex. App.—Fort
Worth 2009, pet. ref’d) (determining no justification existed for officers’
search under the first justification in Gant).  

Police may search a vehicle if there is a reasonable
belief that additional evidence relevant to the arrest could be found in the
vehicle.  See Gant, 129 S. Ct. at 1714.  The record reflects that
upon finding the weapon and conducting a check of appellant’s criminal history,
the officers arrested appellant for possession of the weapon.  The officers
could not have had a reasonable belief that evidence relevant to the traffic
violation, which served as the initial reason for stopping appellant, could be
found within the passenger compartment of the vehicle.  See Gant,
129 S. Ct. at 1719 (citing cases in which officers could have no expectation to
find evidence related to various driving infractions within the passenger
compartment of a vehicle).  

However, it would be reasonable to believe that additional
evidence relevant to appellant’s arrest for possession of a weapon could be
located inside the passenger compartment of the vehicle.  See id. at 1719;
Hill, 303 S.W.3d at 875 (justifying officers’ search of vehicle on basis
that additional evidence relevant to the accused’s arrest for possession of
crack cocaine could be found within the vehicle); see also Thornton v. United
States, 541 U.S. 615, 617–18, 124 S. Ct. 2127, 2129, 158 L. Ed. 2d 905
(2004) (involving search of a vehicle justified by arrest for narcotics
following a traffic stop, as approved by Gant).  The officers’ search of
the vehicle was permissible because there was reasonable belief that additional
evidence of appellant’s arrest related to his possession of the weapon could be
found in the vehicle.  See Gant, 129 S. Ct. at 1719; see also Hill,
303 S.W.3d at 875–76 (distinguishing Gant on the basis that officers
were justified in the vehicle’s search not because of a traffic violation, but
for the crack cocaine seized from plain view for which the accused was arrested
following the traffic stop).  The record supports the trial court’s implied
findings of fact that appellant’s warrantless arrest was legally justified and
that the evidence gathered after his arrest did not warrant suppression.  See
Hill, 303 S.W.3d at 875.  We cannot say that the trial court abused its
discretion in denying appellant’s motion to suppress.  See id.  We
overrule appellant’s sole issue on appeal and affirm the trial court’s
judgment.

 

                                                                                    

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

 

 

Panel consists of
Justices Frost, Boyce, and Sullivan.

Do Not Publish — Tex. R. App. P. 47.2(b).









[1]
Baldwin v. State, 278 S.W.3d 367, 369 (Tex. Crim. App. 2009).





[2]
Although somewhat unclear, the record reflects that Johnson pleaded “guilty” to
a charged offense related to this case because he violated terms of his
probation in an unrelated case.