

# NUMBER 13-15-00178-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**THE STATE OF TEXAS,** **Appellant,**

**v.**

**ISMAEL SERDA,** **Appellee.**

## On appeal from the 28th District Court
## of Nueces County, Texas.

## MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Longoria**
**Memorandum Opinion by Justice Rodriguez**

Appellant the State of Texas appeals from the 28th District Court's order granting appellee Ismael Serda's motion to suppress evidence. We reverse and remand.

### I.    BACKGROUND

A hearing on Serda's motion to suppress was held on March 4, 2015. During the hearing, Corpus Christi Police Department Officer Alexandria Castro testified that she

was on patrol when she received a dispatch to assist DPS Narcotics Agent Eric Walters, who was following Serda in an unmarked pickup truck. Officer Castro stated that dispatch informed her that "[i]t was a DWI be on the lookout. . . . a DPS agent called in saying he was following a vehicle that was speeding." She testified she understood that she was being dispatched in response to a driver suspected of being intoxicated, or driving recklessly. Officer Castro stopped Serda's vehicle upon the information she received from dispatch.

Officer Castro testified that Serda was unsteady on his feet when he stepped out of the vehicle, and she could smell an odor of alcohol on his person; Officer Castro detained Serda in her police unit while she contacted Agent Walters, who told her what he had observed while following Serda. Officer Castro then performed a standard field sobriety test on Serda, which he failed. At that point, Officer Castro read Serda the statutory warning and requested a breath specimen. Serda initially consented to provide a breath specimen, but withdrew his consent upon reaching the jail. Officer Castro then sought and received a warrant to obtain a blood specimen from Serda.

The grand jury indicted Serda for felony driving while intoxicated. *See* TEX. PENAL CODE ANN. § 49.04 (West, Westlaw through 2015 R.S.). He filed a motion to suppress the evidence resulting from the traffic stop, contending that the stop was not based on reasonable suspicion. The trial court granted Serda's motion to suppress. By three issues, the State argues that the trial court erred in suppressing the evidence.

## II. MOTION TO SUPPRESS

By its first issue, the State contends that the trial court erred when it granted Serda's motion to suppress because Officer Castro had reasonable suspicion to

2

effectuate the stop.   We agree.

## A. Standard of Review

In reviewing a trial court's ruling on a motion to suppress, we employ a bifurcated standard, giving almost total deference to a trial court's determination of historic facts and mixed questions of law and fact that rely upon the credibility of a witness, but applying a de novo standard of review to pure questions of law and mixed questions that do not depend on credibility determinations.   *See State v. Kerwick*, 393 S.W.3d 270, 273 (Tex. Crim. App. 2013).   When a trial court makes explicit fact findings, we determine whether the evidence, viewed in the light most favorable to the trial court's ruling, supports these fact findings.   *See State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). "Whether the facts known to the officer at the time of the detention amount to reasonable suspicion is a mixed question of law that is reviewed de novo on appeal."   *Kerwick*, 393 S.W.3d at 273.

## B. Applicable Law

"A warrantless automobile stop is a Fourth Amendment seizure analogous to a temporary detention, and it must be justified by reasonable suspicion."   *Scardino v. State,* 294 S.W.3d 401, 405 (Tex. App.—Corpus Christi 2009, no pet.) (citing *Berkemer v. McCarty*, 468 U.S. 420, 439 (1984)).   A police officer has reasonable suspicion for a detention if she has specific, articulable facts which, when combined with rational inferences from those facts, would lead the officer to reasonably conclude that the person detained is, has been, or soon will be engaged in criminal activity.   *Derichsweiler v. State*, 348 S.W.3d 906, 914 (Tex. Crim. App. 2011); *Scardino,* 294 S.W.3d at 405.   This standard is an objective one that disregards the subjective intent of the arresting officer

3

and looks, instead, to whether there was an objectively justifiable basis for the detention. *See Derichsweiler,* 348 S.W.3d at 914.

It is generally accepted that law enforcement officers may lawfully stop a motorist who commits a traffic violation. *McVickers v. State*, 874 S.W.2d 682, 664 (Tex. Crim. App. 1993), *superseded by statute on other grounds as stated in Granados v. State*, 85 S.W.3d 217, 227–30 (Tex. Crim. App. 2002); *see also Armstrong v. State,* No. 13-14-00181-CR, 2015 WL 2452609, at *2 (Tex. App.—Corpus Christi May 21, 2015, no pet.) (mem. op., not designated for publication). In stopping vehicles for an investigative detention based on a traffic violation, the State need not prove that the detainee actually committed a traffic violation. *See Drago v. State*, 553 S.W.2d 375, 377–78 (Tex. Crim. App. 1977). Reasonable suspicion to believe that a violation occurred or is occurring will suffice. *See id.*; *Valencia v. State*, 820 S.W.2d 397, 400 (Tex. App.—Houston [14th Dist.] 1991, pet. ref'd); *see also Armstrong,* 2015 WL 2452609, at *2. Whether the officer's suspicion is reasonable or not must be examined in terms of the totality of the circumstances. *See Woods v. State*, 956 S.W.2d 33, 37–38 (Tex. Crim. App. 1997) (citing *United States v. Cortez*, 449 U.S. 411, 418 (1989)).

When officers are cooperating with one another, as in this case, a court must consider their cumulative information in determining whether reasonable suspicion exists at the time of the stop. *Derichsweiler,* 348 S.W.3d at 917 (recognizing that the information known collectively to the police can satisfy the standard of reasonable suspicion); *Hoag v. State*, 728 S.W.2d 375, 380 (Tex. Crim. App. 1987). "The detaining officer need not be personally aware of every fact that objectively supports a reasonable suspicion to detain; rather, 'the cumulative information known to the cooperating officers

4

at the time of the stop is to be considered in determining whether reasonable suspicion exists.'" *Derichsweiler,* 384 S.W.3d at 914 (citing *Hoag,* 728 S.W.2d at 38). A police dispatcher is considered a cooperating officer. *Martinez v. State*, 348 S.W.3d 919, 924 (Tex. Crim. App. 2011).

## C.    Discussion

The trial court based its ruling on Serda's motion to suppress on the fact that Officer Castro, who was dispatched to help DPS Agent Walters stop Serda, did not see Serda commit any traffic violations. However, the undisputed evidence before the trial court showed that Serda was speeding when being followed by Agent Walters. Though the trial court did not allow Officer Castro to elaborate on the information she received from the police dispatcher,[1] Officer Castro did testify that she received a call from dispatch identifying Serda as potentially intoxicated and noting he was speeding and driving recklessly. Officer Castro further testified that she pulled Serda over based upon the information she received from the police dispatcher.

The State need not prove that Serda actually committed a traffic violation to support an investigative detention based on a suspected traffic violation. *See Drago*, 553 S.W.2d at 377. The State must show instead that Officer Castro had a reasonable suspicion to believe that Serda committed, or was in the process of committing, a traffic violation. *See id.*; *Valencia*, 820 S.W.2d at 400; *see also Armstrong,* 2015 WL 2452609 at *2. We therefore examine Officer Castro's suspicion to determine if it was reasonable

---

[1] Officer Castro testified on cross-examination that she had information that a DPS trooper was following somebody that he suspected of being intoxicated or driving recklessly. Additionally, when the State asked Officer Castro what she heard over the dispatch, and before Serda's counsel objected, Officer Castro testified that she heard that "[i]t was a DWI, be on the look[-]out. It came in as a DPS agent called in saying he was following a vehicle that was speeding . . . ."

under the totality of the circumstances. *See Woods,* 956 S.W.2d at 37.

We consider the cumulative information known to cooperating police officers in determining whether reasonable suspicion existed at the time of the stop. *See Derichsweiler,* 348 S.W.3d at 917. In this case, the cumulative information includes the information the police dispatcher relayed to Officer Castro. *See Martinez,* 348 S.W.3d at 924. Based on that information—information that alleged Serda was suspected of driving while intoxicated, speeding, and driving recklessly—Officer Castro could have reasonably suspected that Serda had committed, or was committing, a traffic violation. *See Drago,* 553 S.W.2d at 377; *Valencia,* 820 S.W.2d at 400; *see also Armstrong,* 2015 WL 2452609 at *2.

Serda contends, however, that while it may have been reasonable for Officer Castro to rely on the information provided by Agent Walters through the police dispatcher, the State was required to produce those officers to testify at the suppression hearing. However, the Texas Court of Criminal Appeals has clearly held the contrary. *See Granados,* 85 S.W.3d at 227–28. "Because suppression hearings involve the determination of preliminary questions concerning the admissibility of evidence . . . the rules of evidence (except privileges) no longer apply to suppression hearings." *Id.* at 227. Therefore, Officer Castro's hearsay testimony regarding what the dispatcher relayed to her was admissible and part of the totality of the circumstances supporting her determination of reasonable suspicion. *See id.*; *Derichsweiler,* 348 S.W.3d at 914.

The trial court erred when it refused to consider the information relayed to Officer Castro when it determined that she did not have a reasonable suspicion to effectuate the stop. Considering the totality of the circumstances, we determine Officer Castro had

6

reasonable suspicion to detain Serda because she had specific articulable facts that allowed her to reasonably conclude that Serda was engaged in criminal activity. *See Kerwick*, 393 S.W.3d at 273; *Derichsweiler*, 348 S.W.3d at 914.

We sustain the State's first issue on appeal.[2]

## IV. CONCLUSION

We reverse the ruling of the trial court and remand for further proceedings in accordance with this opinion.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
29th day of October, 2015.

---

[2] Because the State's first issue is dispositive, we do not reach the remaining issues. *See* TEX. R. APP. P. 47.1.

7