**Damian Demarcus WILLIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–00–01087–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

June 24, 2004.

Discretionary Review Refused
Dec. 1, 2004.

---

**17.** Gov't Code § 24.309 (made applicable to the Tarrant County Criminal District Court No. 4 by *id.*, § 24.913(e)).

**18.** *Id.*, § 24.913(e).

**19.** *Ibid.*

Charles Hinton, Houston, for Appellant.

Bridget Holloway, Asst. Dist. Attorney–Harris County, Houston, for appellee.

Panel on remand consists of Chief Justice RADACK and Justices ALCALA and BLAND.

## OPINION ON REMAND FROM THE COURT OF CRIMINAL APPEALS

SHERRY RADACK, Chief Justice.

Appellant, Damian Demarcus Willis, was charged with possession with intent to manufacture or deliver a controlled substance, namely, phencyclidine (PCP). Appellant's indictment was enhanced with two prior felonies. After the trial court denied his motion to suppress, appellant pleaded guilty and pleaded true to enhancements pursuant to a plea bargain agreement with the State. Thereafter, the trial court assessed appellant's punishment at 25 years' confinement.

A panel of this Court originally dismissed appellant's appeal for lack of jurisdiction based on appellant's waiver of the right to appeal. *Willis v. State,* No. 01–00–01087–CR, 2001 WL 783753 (Tex.App.-Houston [1st Dist.] July 12, 2001, pet. granted) (*Willis I* ). In light of *Alzarka v. State,* 90 S.W.3d 321 (Tex.Crim.App.2002), the Texas Court of Criminal Appeals reversed, holding that "the trial court's subsequent handwritten permission to appeal controls over a defendant's previous waiver of the right to appeal, allowing the defendant to appeal despite the boilerplate waiver." *Willis v. State,* 121 S.W.3d 400, 403 (Tex.Crim.App.2003) (*Willis II* ). The Court of Criminal Appeals remanded the case to our Court for consideration of the merits of appellant's cause. *Id.*

In two points of error, appellant contends that the trial court erred by denying his motion to suppress. We conclude that the search of appellant's vehicle was lawful as a search incident to arrest, and, therefore, affirm.

## Background

On April 13, 2000, Houston Police Department (HPD) Officer J. Holmes stopped Euland Knapp because the license plate on his vehicle had outstanding city warrants. Appellant's brother, Jammar Willis, who was following Knapp in another vehicle, pulled up and parked at the scene of the traffic stop on the 610 Freeway. Jammar called appellant and instructed him to come to the scene, so that in the event that Knapp was arrested, Jammar could take Knapp's car from the freeway and appellant could follow in Jammar's car.

Shortly thereafter, appellant arrived alone at the scene in his car. Appellant pulled in behind Officer Holmes, got out of his car, and approached Officer Holmes. Appellant told Officer Holmes that he would drive Knapp's car home for Knapp and provided his Texas driver's license to Officer Holmes at the officer's request. After a check of appellant's driver's license revealed an open arrest warrant, Officer Holmes arrested appellant and placed him in the back of a marked police car.

After arresting appellant, Officer Holmes searched appellant's car, pursuant to HPD policy, requiring that, subsequent to an arrest, an officer document the contents of a vehicle. During the search, Officer Holmes noticed $2,140 in cash, broken down into denominations, located in the console of appellant's car, and two small bottles of liquid on the floor of the car. Additionally, Officer Holmes noticed part of a plastic bag protruding from beneath the glove compartment.[1] Officer Holmes opened the glove compartment and saw scratch marks on it, indicating that the glove compartment had been removed and reinstalled more than once. Officer Holmes removed the compartment and, as a result, noticed 15 other similar bottles of liquid inside the bag that was protruding from the glove compartment.[2]

---

1. Appellant, Jammar and Trimmer each testified that no plastic bag protruded out of the glove compartment.

2. The record contains conflicting testimony regarding Officer Holmes's removal of appellant's glove compartment. During the suppression hearing, Officer Holmes testified that the glove compartment was easily removed, while Jammar and Trimmer testified that Officer Holmes had to apply significant physical force to remove it. However, Jammar testified that he knew the glove compartment was removable. Jammar further testified that, prior to Officer Holmes's search of appellant's car, Jammar had opened the glove box to retrieve a warrant receipt for appellant, leaving the glove box open as Jammar returned to give the receipt to another officer on the scene.

The strong "chemical-like" odor of the bottles caused Officer Holmes to suspect that the liquid was either PCP or embalming fluid, and the liquid was later determined to be PCP.

## Discussion

### Standard of Review

■ In reviewing the trial court's ruling on a motion to suppress evidence, we apply a bifurcated standard of review, giving "almost total deference to a trial court's determination of historic facts" and reviewing de novo the court's application of the law of search and seizure. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim.App.2000) (citing *Guzman v. State*, 955 S.W.2d 85, 88–89 (Tex.Crim.App. 1997)). If the issue involves the credibility of a witness, such that the demeanor of the witness is important, then greater deference will be given to the trial court's ruling on that issue. *Guzman*, 955 S.W.2d at 87. The amount of deference that we should give to a trial court's ruling on a motion to suppress will depend upon whether the trial court is in a better position to decide the issue before it. *Id.* If the issue is one of application of law to facts, and the ultimate resolution of that issue does not turn on an evaluation of credibility and demeanor of a witness, then we may review that issue de novo. *Id.* at 89. Furthermore, we will sustain the trial court's ruling admitting the evidence if the ruling is reasonably supported by the record and correct on any theory of law applicable to the case. *Laney v. State*, 117 S.W.3d 854, 857 (Tex. Crim.App.2003) (citing *Willover v. State*, 70 S.W.3d 841, 845 (Tex.Crim.App.2002)).

### Search Incident to Arrest

■ An exception to the Fourth Amendment prohibition against warrantless searches is a search incident to a lawful arrest. *Thornton v. United States*, 541 U.S. 615, 617, 124 S.Ct. 2127, 2129, 158 L.Ed.2d 905, 910–11 (2004); *New York v. Belton*, 453 U.S. 454, 460, 101 S.Ct. 2860, 2864, 69 L.Ed.2d 768 (1981); *Satterwhite v. State*, 726 S.W.2d 81, 87 (Tex.Crim.App. 1986), *rev'd on other grounds*, 486 U.S. 249, 108 S.Ct. 1792, 100 L.Ed.2d 284. 486 U.S. 249, 108 S.Ct. 1792, 100 L.Ed.2d 284 (1988). Police may search the passenger compartment of a vehicle and containers within it when the search is a contemporaneous incident to a lawful arrest. *Belton*, 453 U.S. at 460, 101 S.Ct. at 2864; *see also Ashton v. State*, 931 S.W.2d 5, 8 (Tex.App.-Houston [1st Dist.] 1996, pet. ref'd) (noting that, in applying *Belton*, federal courts have held police may search the passenger compartment of a vehicle even after the arrestee has been removed from the vehicle to be searched and either handcuffed or placed in a police car).

■ The search incident to arrest can include a search of the vehicle's glove compartment. *Satterwhite*, 726 S.W.2d at 86. Moreover, the search incident to arrest includes the search of closed containers within the passenger compartment of the vehicle. The United States Supreme Court has held that:

> Such a container may, of course, be searched whether it is open or closed, since the justification for the search is not that the arrestee has no privacy interest in the container, but that the lawful custodial arrest justifies the infringement of any privacy interest the arrestee may have.

*Belton*, 453 U.S. at 461, 101 S.Ct. at 2864.

■ In the present case, Officer Holmes searched the glove compartment of appellant's vehicle after placing appellant under lawful custodial arrest for an open warrant. *See* TEX.CODE CRIM. PROC. ANN. art. 15.01 (Vernon Supp.2004). Under these circumstances, whether the glove

compartment was open or closed has no effect on the lawfulness of the search of appellant's vehicle. *See Belton*, 453 U.S. at 461, 101 S.Ct. at 2864. Because Officer Holmes's search of appellant's vehicle was a contemporaneous incident to appellant's lawful arrest, we hold that it constituted a proper search. *See Belton*, 453 U.S. at 460, 101 S.Ct. at 2864; *Satterwhite*, 726 S.W.2d at 87. Accordingly, we overrule appellant's first point of error.

Having concluded that the contemporaneous search of appellant's vehicle was proper as incident to appellant's lawful arrest, we decline to address appellant's contentions in his two issues on appeal that the search was an improper inventory search. *See Laney*, 117 S.W.3d at 856 (allowing appellate court to uphold trial court's ruling if the ruling is reasonably supported by the record and correct on any theory of law applicable to the case.). Accordingly, we overrule appellant's two points of error.

### Conclusion

We affirm the judgment of the trial court.