Opinion issued January 31, 2008









 






In The
Court of Appeals
For The
First District of Texas




NO. 01-06-00617-CR
          



CLARENCE DERRICK LEONARD, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 185th District Court
Harris County, Texas
Trial Court Cause No. 1059087




MEMORANDUM OPINION
          Appellant, Clarence D. Leonard, appeals from a judgment sentencing him to
six years in prison for the felony of possession of a controlled substance weighing
more than one gram and less than four grams. See Tex. Health & Safety Code
Ann. § 481.112(a), (c) (Vernon 2003). After the trial court denied the written pretrial
motion to suppress filed by appellant, he was sentenced in accordance with a plea
bargain agreement with the State, which was entered in exchange for his plea of
guilty to the offense and true to a prior conviction used to enhance punishment. In
two issues, appellant challenges the trial court’s denial of the motion to suppress by
contending that the search of his car violated the Texas Constitution, the Code of
Criminal Procedure, and the Fourth Amendment of the United States Constitution. 
U.S. Const. amend. IV; Tex. Const. art I, § 9; Tex. Code Crim. Proc. Ann. arts.
38.21–.23 (Vernon 2003). BackgroundIn February 2006, Houston Police Department Officer Moreire received
information from a female informant, who said that appellant often supplied her with
cocaine. The informant called appellant asking that he bring her cocaine at a fast-food restaurant. Based on the informant’s description of appellant’s car, Officer
Moreire and his partner identified appellant’s vehicle as it pulled into the parking lot
of a Wendy’s restaurant late at night. When the Wendy’s closed shortly after his
arrival, appellant circled the parking lot of a neighboring Jack-in-the-Box restaurant
before making a right turn onto Hillcroft Street. As appellant left the Jack-in-the-Box
parking lot, Officer Moreire, who was driving on Hillcroft in an unmarked vehicle
towards appellant, saw appellant driving the car without wearing a seatbelt. Officer
Moreire informed officers in a marked police car about the traffic violation, and they
stopped appellant. Appellant was then arrested for outstanding warrants. Although
in the initial search of the car no illegal contraband was found, a second search by
Officer Moreire revealed cocaine that weighed 4.6 grams. The cocaine was in a
hidden compartment of a water bottle under the rear floorboard of the car.
          Prior to trial, appellant filed a written motion to suppress that challenged the
search of the car. In the evidentiary hearing concerning the motion to suppress, 
Officer Moreire and appellant gave competing versions of the events. Officer
Moreire testified he saw appellant driving the car without wearing a seat belt. 
Although he recalled that the windows of the car were tinted, Officer Moreire said he
could clearly see into the car through the driver’s side window, which was
illuminated by Moreire’s headlights, streetlights, and lights from the neighboring
businesses. In his testimony, appellant maintained that he wore a seatbelt. Appellant
said that the vehicle’s windows were tinted with a medium-dark tint, but
acknowledged it was possible to see in between the driver’s side window and the
passenger’s side window. In addition to the testimony from the two witnesses, photos
and a surveillance videotape taken from Jack-in-the-Box restaurant were introduced
into evidence by appellant.
Motion to Suppress
          In his two issues, appellant contends that the trial court erred in admitting
evidence of cocaine found in appellant’s vehicle because the officers’ search of his
vehicle was unlawful, in violation of the U.S. Constitution, Texas Constitution and
Code of Criminal Procedure. Appellant’s entire challenge is premised on the single
claim that the “clear weight of factual evidence demonstrates that Officer Moreire
could not see into [a]ppellant’s vehicle with such clarity to determine whether or not
[appellant] was wearing his seatbelt while driving his vehicle.”
          In reviewing the trial court’s ruling on a motion to suppress evidence, we apply
a bifurcated standard of review. Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim.
App. 2000); Blake v. State, 125 S.W.3d 717, 722 (Tex. App.—Houston [1st Dist.]
2003, no pet.). We give almost total deference to the trial court’s determination of
historical facts that depend on credibility, while we conduct a de novo review of the
trial court’s application of the law to those facts. Carmouche, 10 S.W.3d at 327. The
trial court is the sole judge of the credibility of the witnesses and decides the weight
to give their testimony. Villarreal v. State, 935 S.W.2d 134, 138 (Tex. Crim. App.
1996). If, after a hearing on a motion to suppress, the trial court does not file findings
of fact, as here, we view the evidence in the light most favorable to the trial court’s
determination and we assume that the trial court made implicit findings of fact in
support of its determination if those findings are supported by the record. State v.
Gray, 158 S.W.3d 465, 467 (Tex. Crim. App. 2005) (quoting State v. Ross, 32 S.W.3d
853, 855–56 (Tex. Crim. App. 2000)). Failure to wear a seatbelt while driving a car
is a traffic violation for which a defendant may be arrested. Tex. Transp. Code
Ann. §§ 543.001, 545.413 (Vernon 2005); State v. West, 20 S.W.3d 867, 8792(Tex.
App.—Dallas 2000, pet ref’d). Appellant does not contend that officers may not
arrest him for failing to wear a seatbelt; rather, his challenge narrowly focuses on the
trial court’s assessment of the evidence that determined that he did not wear a
seatbelt. Similarly, appellant does not assert any challenge premised on the legality
of the search of the car conducted incident to his lawful arrest for the outstanding
warrants. See Thornton v. United States, 541 U.S. 615, 617, 124 S. Ct. 2127, 2129
(2004) (allowing search of car incident to lawful arrest); New York v. Belton, 453 U.S.
454, 460, 101 S. Ct. 2860, 2864 (1981); Satterwhite v. State, 726 S.W.2d 81, 87 (Tex.
Crim. App. 1986), rev’d on other grounds, 486 U.S. 249, 108 S. Ct. 1792; Willis v.
State, 176 S.W.3d 240, 243 (Tex. App.—Houston [1st Dist.] 2004, pet. ref’d). 
          As the sole judge of the credibility of the witnesses, the trial court could have
disregarded appellant’s claim that he wore a seatbelt by instead crediting the officer’s
testimony. See Villarreal, 935 S.W.2d at 138. Viewing the evidence in a light most
favorable to the trial court’s ruling, the evidence supports the trial court’s implied
determination that Officer Moreire’s headlights, in conjunction with the street lights
and lights from the businesses, lit appellant’s car sufficiently for Officer Moreire to
see through the tinted windows that appellant was not wearing a seatbelt. The trial
court could have discounted the photographs of the car since they were taken under
different lighting conditions on an overcast day, with no headlights or other lighting
to illuminate the car. The trial court also could have disregarded the value of the
videotape evidence since it was taken from atop the Jack-in-the-Box building, which
was a different vantage point than the officer’s view. The trial court’s implied
determination that the officer saw appellant driving a car without wearing a seatbelt
is supported by evidence in the record. See Willis, 176 S.W.3d at 243 (sustaining trial
court’s ruling admitting evidence from search of vehicle as reasonably supported by
record); see also Villarreal, 935 S.W.2d at 138; Cantu v. State, 817 S.W.2d 74, 77
(Tex. Crim. App. 1991); Flores v. State, 177 S.W.3d 8, 14 (Tex. App.—Houston [1st
Dist.] 2005, pet. ref’d). We hold that the trial court did not err by denying the motion
to suppress. We overrule appellant’s two issues.
 

Conclusion
          We affirm the judgment of the trial court.
 
 
Elsa Alcala
                                                                        Justice
Panel consists of Justices Taft, Keyes, and Alcala.
Do not publish. See Tex. R. App. P. 47.2(b).