COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-054-CR

 

 

DERRICK WAYNE ORGAN                                                     APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

              FROM
THE 355TH DISTRICT COURT OF HOOD COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

Introduction

Appellant Derrick Wayne Organ
appeals his conviction for the offense of possession of a controlled substance
of less than one gram.  In one point,
appellant argues that the trial court erred by denying his motion to suppress
the evidence because the officer lacked probable cause to stop appellant.  We affirm.

 








Background Facts

On May 25, 2006, Texas
Department of Public Safety Officer Kris Hall stopped appellant on U.S. 377 in
Hood County because the right rear mud flap on appellant=s eighteen-wheeler was not the proper length.  As Officer Hall walked toward the truck, he
also noticed that appellant=s motor vehicle inspection sticker did not have an expiration date
punched out, which made the sticker invalid. 
Officer Hall asked appellant to accompany him back to his patrol car,
and appellant sat in the passenger seat while Officer Hall checked his
paperwork.  Officer Hall told appellant
that if a warrant came back, then he would have to take appellant with him, but
he would allow appellant to drive his truck to the station rather than have it
towed.  Officer Hall then ran appellant=s license and registration and determined that appellant had an
outstanding felony warrant for theft in Tarrant County.  After Officer Hall discovered appellant=s outstanding felony warrant, he asked appellant to step out of the
car so he could pat him down and then placed appellant in handcuffs.  While appellant stayed in the patrol car,
Officer Hall searched the truck and found a glass vial under the mattress in
the sleeper berth that contained a white powdery residue, which Officer Hall
believed was a controlled substance.  He
also found a small broken glass pipe in a fruit cup that was being used as an
ashtray.  








Officer Hall did not measure
the mud flaps or give appellant a citation for the improper length of the mud
flaps.  Also, he did not cite appellant
for the invalid motor vehicle inspection sticker, but gave appellant a citation
for possession of a controlled substance, cocaine, which is a state jail felony
offense.[1]
 See Tex. Health & Safety Code Ann. ' 481.115(b) (Vernon 2003).  The
Department of Public Safety crime lab later confirmed that the white powdery
substance that Officer Hall found in the sleeper was cocaine.  

On February 8, 2007, during a
pretrial hearing, the trial court denied appellant=s motion to suppress the evidence seized from the truck as a result of
an unlawful stop.  On February 9, 2007,
the jury found appellant guilty of the state jail felony offense of possession
of a controlled substance, namely cocaine, of less than one gram.  The trial court sentenced appellant to two
years in state jail.  On appeal,
appellant contends that the trial court erred by denying his motion to suppress
the evidence because Officer Hall lacked probable cause to stop appellant and
because the scope of the stop was unreasonable.

 

 








Standard of Review








We review a trial court=s ruling on a motion to suppress evidence under a bifurcated standard
of review.  Amador v. State, 221
S.W.3d 666, 673 (Tex. Crim. App. 2007); Guzman v. State, 955 S.W.2d 85,
89 (Tex. Crim. App. 1997).  In reviewing
the trial court=s decision,
we do not engage in our own factual review. 
Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); Best
v. State, 118 S.W.3d 857, 861 (Tex. App.CFort Worth 2003, no pet.).  The
trial judge is the sole trier of fact and judge of the credibility of the
witnesses and the weight to be given their testimony.  Wiede v. State, 214 S.W.3d 17, 24-25
(Tex. Crim. App. 2007); State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim.
App. 2000), modified on other grounds by State v. Cullen, 195 S.W.3d 696
(Tex. Crim. App. 2006).  Therefore, we
give almost total deference to the trial court=s rulings on (1) questions of historical fact, even if the trial court=s determination of those facts was not based on an evaluation of
credibility and demeanor, and (2) application‑of‑law‑to‑fact
questions that turn on an evaluation of credibility and demeanor.  Amador, 221 S.W.3d at 673; Montanez
v. State, 195 S.W.3d 101, 108-09 (Tex. Crim. App. 2006); Johnson v.
State, 68 S.W.3d 644, 652‑53 (Tex. Crim. App. 2002).  But when application-of-law-to-fact questions
do not turn on the credibility and demeanor of the witnesses, we review the trial
court=s rulings on those questions de novo. 
Amador, 221 S.W.3d at 673; Estrada v. State, 154 S.W.3d
604, 607 (Tex. Crim. App. 2005); Johnson, 68 S.W.3d at 652‑53.

Stated another way, when
reviewing the trial court=s ruling on
a motion to suppress, we must view the evidence in the light most favorable to
the trial court=s
ruling.  Wiede, 214 S.W.3d at 24; State
v. Kelly, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006).  When the trial court makes explicit fact
findings, we determine whether the evidence, when viewed in the light most
favorable to the trial court=s ruling, supports those fact findings.  Kelly, 204 S.W.3d at 818-19.  We then review the trial court=s legal ruling de novo unless its explicit fact findings that are
supported by the record are also dispositive of the legal ruling.  Id. at 819.

When the record is silent on
the reasons for the trial court=s ruling, or when there are no explicit fact findings and neither
party timely requested findings and conclusions from the trial court, we imply
the necessary fact findings that would support the trial court=s ruling if the evidence, viewed in the light most favorable to the
trial court=s ruling,
supports those findings.  Id.; see  Amador, 221 S.W.3d at 673; Wiede,
214 S.W.3d at 25.  We then review the
trial court=s legal
ruling de novo unless the implied fact findings supported by the record are
also dispositive of the legal ruling.  Kelly,
204 S.W.3d at 819.








We must uphold the trial
court=s ruling if it is supported by the record and correct under any theory
of law applicable to the case even if the trial court gave the wrong reason for
its ruling.  State v. Stevens, 235
S.W.3d 736, 740  (Tex. Crim. App. 2007); Armendariz
v. State, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003), cert. denied,
541 U.S. 974 (2004).  

The Fourth Amendment protects
against unreasonable searches and seizures by government officials.  U.S. Const.
amend. IV; Wiede, 214 S.W.3d at 24. 
To suppress evidence because of an alleged Fourth Amendment violation,
the defendant bears the initial burden of producing evidence that rebuts the
presumption of proper police conduct.  Amador,
221 S.W.3d at 672.  A defendant satisfies
this burden by establishing that a search or seizure occurred without a
warrant.  Id.  Once the defendant has made this showing, the
burden of proof shifts to the State, which is then required to establish that the
search or seizure was conducted pursuant to a warrant or was reasonable.  See Tex.
Code Crim. Proc. Ann. arts. 18.01, 18.04 (Vernon Supp. 2007) (providing
requirements for issuance of a search warrant); Amador, 221 S.W.3d at
673; Torres v. State, 182 S.W.3d 899, 902 (Tex. Crim. App. 2005); Ford
v. State, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005).








Whether a search is
reasonable is a question of law that we review de novo.  Kothe v. State, 152 S.W.3d 54, 62
(Tex. Crim. App. 2004).  Reasonableness
is measured by examining the totality of the circumstances.  Id. at 63.  It requires a balancing of the public
interest and the individual=s right to be free from arbitrary detentions and intrusions.  Id. 
A search conducted without a warrant is per se unreasonable unless it
falls within one of the Aspecifically
defined and well-established@ exceptions to the warrant requirement.  McGee v. State, 105 S.W.3d 609, 615
(Tex. Crim. App.), cert. denied, 540 U.S. 1004 (2003); see Best,
118 S.W.3d at 862.  

A detention, as opposed to an
arrest, may be justified on less than probable cause if a person is reasonably
suspected of criminal activity based on specific, articulable facts.  Terry v. Ohio, 392 U.S. 1, 22, 88 S.
Ct. 1868, 1880 (1968); Carmouche v. State, 10 S.W.3d 323, 328 (Tex.
Crim. App. 2000).  An officer conducts a
lawful temporary detention when he or she has reasonable suspicion to believe
that an individual is violating the law. 
Ford, 158 S.W.3d at 492. 
Reasonable suspicion exists when, based on the totality of the
circumstances, the officer has specific, articulable facts that when combined
with rational inferences from those facts, would lead him to reasonably
conclude that a particular person is, has been, or soon will be engaged in
criminal activity.  Id. at
492-93.  This is an objective standard
that disregards any subjective intent of the officer making the stop and looks
solely to whether an objective basis for the stop exists.  Id. at 492.








Reasonable suspicion

We must first address whether
Officer Hall had reasonable suspicion to stop appellant and investigate
potential criminal activity.  Officers
have authority to stop and briefly detain persons who are suspected of criminal
activity on less information than is constitutionally required for probable
cause to arrest.  Davis v. State, 947
S.W.2d 240, 244 (Tex. Crim. App. 1997); Tucker v. State, 183 S.W.3d 501,
508 (Tex. App.CFort Worth
2005, no pet.).  Temporary investigative
detentions are appropriate when officers have Aspecific articulable facts, which, premised upon [the officer=s] experience and personal knowledge, when coupled with logical inferences
from those facts would warrant the intrusion on the detainee.@  Davis, 947 S.W.2d at
244; Tucker, 183 S.W.3d at 508. 
To satisfy the Fourth Amendment and Terry v. Ohio, we review
reasonableness of the stop by looking to the justification for the stop and
also consider the reasonableness of the scope of the detention.  392 U.S. at 19-20, 88 S. Ct. 1879; Tucker,
183 S.W.3d at 508. 








Texas Transportation Code
section 547.606(a) states that semitrucks must be equipped with safety flaps
that are within eight inches of the surface of the highway.  Tex.
Transp. Code Ann. ' 547.606(a)
(Vernon 1999).  Only two witnesses,
Officer Hall and appellant, testified at the suppression hearing.  Officer Hall testified that mud flaps, which
are not the appropriate length, kick debris into the air, causing damage to
other vehicles=
windshields.  He observed appellant=s right rear mud flap sailing out behind the truck and kicking debris
in the air.  Officer Hall believed that
the mud flap was too short and in violation of the eight-inch rule in section
547.606(a) of the transportation code.  Tex. Transp. Code Ann. ' 547.606(a)(2).  Once Officer
Hall reasonably believed that appellant might have committed a traffic
violation, he had reasonable suspicion to stop appellant and investigate.  See Tucker, 183 S.W.3d at 508 (stating
that reasonable suspicion exists when an officer has specific, articuable facts
that would cause him to reasonably conclude that a particular person is, has
been, or soon will be engaged in criminal activity).  Thus, we conclude that Officer Hall had
specific, articuable facts that allowed him to reasonably conclude that
appellant was engaged in criminal activity.[2]  See id.

Scope of the detention








We must next determine
whether the scope of the detention was proper. During a traffic stop, the
police may ask for identification, a valid driver=s license, and proof of insurance. 
Id.  Police may also check
for outstanding warrants.  Id.  During the stop, however, an officer must use
the least intrusive means reasonably available to verify or dispel the officer=s suspicion in a reasonable period of time.  Id. (citing Davis, 947 S.W.2d
at 245).

Here, Officer Hall stopped
appellant, approached the truck, and asked appellant to accompany him back to
the patrol car with his commercial paperwork and driver=s license.  Officer Hall then
ran a driver=s license
check on appellant and discovered appellant=s outstanding felony warrant for theft.  From the time Officer Hall stopped appellant,
reviewed his paperwork, and checked for warrants, only about twenty minutes had
passed.  We conclude that Officer Hall=s detention and investigation was handled in a reasonably limited and
timely manner.  

Search incident to arrest

Finally, appellant argues
that the search of his truck was improper because he was not yet under arrest
at the time of the search.[3]  Thus, we must determine whether the arrest
and search incident to the arrest were valid. 








When an officer initiates a
valid Terry detention based on reasonable suspicion and discovers that
an open warrant exists for that person=s arrest, he or she may lawfully arrest the person and conduct a
search of the vehicle incident to arrest. 
Tex. Code Crim. Proc. Ann.
art. 15.01 (Vernon 2005); Satterwhite v. State, 726 S.W.2d 81, 87 (Tex.
Crim. App. 1986), rev=d on other grounds, 486 U.S. 249, 108 S.
Ct. 1792 (1988); Garza v. State, 161 S.W.3d 636, 641 (Tex. App.CSan Antonio 2005, no pet.); Willis v. State, 176 S.W.3d 240,
243 (Tex. App.CHouston [1st
Dist.] 2004, pet. ref=d).  Once an officer has probable cause to arrest,
he may search the vehicle incident to the arrest.  McGee, 105 S.W.3d at 614.  It is irrelevant that the arrest occurs
immediately before or after the search as long as sufficient probable cause
exists for the officer to arrest before the search.  State v. Ballard, 987 S.W.2d 889, 892
(Tex. Crim. App. 1999). 








Here, once Officer Hall
discovered the felony warrant, he had probable cause to arrest appellant.  Officer Hall had already informed appellant
that if appellant had an outstanding warrant for his arrest, Officer Hall would
have to take him to the police station. 
Upon the discovery of appellant=s outstanding felony warrant, Officer Hall placed appellant in
handcuffs so he could secure and search appellant=s truck.[4]  When a law enforcement officer creates a
situation that would lead a reasonable person to believe his freedom of
movement has been significantly restricted or when there is probable cause to
arrest and the law enforcement officer does not tell the suspect he is free to
leave, a reasonable person would believe that his freedom of movement was
restrained to the degree associated with a formal arrest.  See Tex.
Code Crim. Proc. Ann. art. 15.22 (Vernon 2005); see also Dowthitt v.
State, 931 S.W.2d 244, 254 (Tex. Crim App. 1996); Cagle v. State, 23
S.W.3d 590, 592 (Tex. App.CFort Worth 2000,  pet. ref=d).  In this case, a reasonable
person would have believed that he was in custody and not free to leave once
Officer Hall discovered the outstanding felony warrant.  We conclude and hold that appellant was under
arrest when Officer Hall discovered the outstanding warrant and handcuffed him;
thus, the search of the truck and seizure of cocaine was a valid search
incident to arrest.  See Tex. Code Crim. Proc. Ann. art. 15.22;
McGee, 105 S.W.3d at 615.  








Regardless of when the search
occurred, the Texas Court of Criminal Appeals has held that it is irrelevant
whether the arrest occurs immediately before or after the search as long as
sufficient probable cause existed for the officer to arrest before the
search.  Ballard, 987 S.W.2d at
892.  Here, Officer Hall had probable
cause to arrest appellant as soon as he discovered the outstanding felony
warrant, which occurred before he searched the truck.  We conclude that Officer Hall had probable
cause to arrest appellant and that the search incident to that arrest was
valid.  

Conclusion

Thus, we have determined,
under the appropriate standard of review, that (1) Officer Hall initiated a
valid Terry stop, (2) that during the reasonably limited scope of that
stop he discovered an outstanding felony warrant for appellant=s arrest, and (3) he had probable cause to arrest appellant and
conduct a valid search of appellant=s vehicle incident to arrest. 
Therefore, we hold that the trial court did not err by denying appellant=s motion to suppress and overrule his sole point.  Having overruled appellant=s sole point, we affirm the trial court=s judgment.

 

TERRIE LIVINGSTON

JUSTICE

                                                    

PANEL F:    LIVINGSTON, WALKER, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
January 31, 2008

 

 

 











[1]The
record appears to indicate that appellant was cited for possession of a
controlled substance but arrested for his outstanding warrant.





[2]Although
Officer Hall did not give appellant a citation for having noncompliant
mudflaps, that is irrelevant to the validity of the initial stop and subsequent
arrest and search incident to arrest.





[3]Appellant
does not specifically assign a point or subpoint to this argument, but
construing his brief liberally as we must, we consider this issue to be fairly
raised in his challenge to the scope of the search.  See Tex.
R. App. P. 38.9; see also Ramsey v. State, No. 10-06-00302-CV,
2008 WL 150662, at *6 (Tex. App.CWaco Jan. 16, 2008, no pet.).





[4]The
record indicates Officer Hall handcuffed appellant but let him stay seated in
the front seat.