COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-07-054-CR

DERRICK WAYNE ORGAN APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

OPINION

------------

Introduction

Appellant Derrick Wayne Organ appeals his conviction for the offense of possession of a controlled substance of less than one gram.  In one point, appellant argues that the trial court erred by denying his motion to suppress the evidence because the officer lacked probable cause to stop appellant.  We affirm.

Background Facts

On May 25, 2006, Texas Department of Public Safety Officer Kris Hall stopped appellant on U.S. 377 in Hood County because the right rear mud flap on appellant’s eighteen-wheeler was not the proper length.  As Officer Hall walked toward the truck, he also noticed that appellant’s motor vehicle inspection sticker did not have an expiration date punched out, which made the sticker invalid.  Officer Hall asked appellant to accompany him back to his patrol car, and appellant sat in the passenger seat while Officer Hall checked his paperwork.  Officer Hall told appellant that if a warrant came back, then he would have to take appellant with him, but he would allow appellant to drive his truck to the station rather than have it towed.  Officer Hall then ran appellant’s license and registration and determined that appellant had an outstanding felony warrant for theft in Tarrant County.  After Officer Hall discovered appellant’s outstanding felony warrant, he asked appellant to step out of the car so he could pat him down and then placed appellant in handcuffs.  While appellant stayed in the patrol car, Officer Hall searched the truck and found a glass vial under the mattress in the sleeper berth that contained a white powdery residue, which Officer Hall believed was a controlled substance.  He also found a small broken glass pipe in a fruit cup that was being used as an ashtray.  

Officer Hall did not measure the mud flaps or give appellant a citation for the improper length of the mud flaps.  Also, he did not cite appellant for the invalid motor vehicle inspection sticker, but gave appellant a citation for possession of a controlled substance, cocaine, which is a state jail felony offense.
(footnote: 1) 
 See 
Tex. Health & Safety Code Ann.
 § 481.115(b) (Vernon 2003).  The Department of Public Safety crime lab later confirmed that the white powdery substance that Officer Hall found in the sleeper was cocaine.  

On February 8, 2007, during a pretrial hearing, the trial court denied appellant’s motion to suppress the evidence seized from the truck as a result of an unlawful stop.  On February 9, 2007, the jury found appellant guilty of the state jail felony offense of possession of a controlled substance, namely cocaine, of less than one gram.  The trial court sentenced appellant to two years in state jail.  On appeal, appellant contends that the trial court erred by denying his motion to suppress the evidence because Officer Hall lacked probable cause to stop appellant and because the scope of the stop was unreasonable.

Standard of Review

We review a trial court’s ruling on a motion to suppress evidence under a bifurcated standard of review.  
Amador v. State
, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); 
Guzman v. State
, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  In reviewing the trial court’s decision, we do not engage in our own factual review.  
Romero v. State
, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); 
Best v. State
, 118 S.W.3d 857, 861 (Tex. App.—Fort Worth 2003, no pet.).  The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony.  
Wiede v. State
, 214 S.W.3d 17, 24-25 (Tex. Crim. App. 2007); 
State v. Ross
, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000), 
modified on other grounds by State v. Cullen
, 195 S.W.3d 696 (Tex. Crim. App. 2006).  Therefore, we give almost total deference to the trial court’s rulings on (1) questions of historical fact, even if the trial court’s determination of those facts was not based on an evaluation of credibility and demeanor, and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor.  
Amador
, 221 S.W.3d at 673; 
Montanez v. State
, 195 S.W.3d 101, 108-09 (Tex. Crim. App. 2006); 
Johnson v. State
, 68 S.W.3d 644, 652-53 (Tex. Crim. App. 2002).  But when application-of-law-to-fact questions do not turn on the credibility and demeanor of the witnesses, we review the trial court’s rulings on those questions de novo.  
Amador
, 221 S.W.3d at 673; 
Estrada v. State
, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); 
Johnson
, 68 S.W.3d at 652-53.

Stated another way, when reviewing the trial court’s ruling on a motion to suppress, we must view the evidence in the light most favorable to the trial court’s ruling.  
Wiede
, 214 S.W.3d at 24; 
State v. Kelly
, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006).  When the trial court makes explicit fact findings, we determine whether the evidence, when viewed in the light most favorable to the trial court’s ruling, supports those fact findings.  
Kelly
, 204 S.W.3d at 818-19.  We then review the trial court’s legal ruling de novo unless its explicit fact findings that are supported by the record are also dispositive of the legal ruling.  
Id
. at 819.

When the record is silent on the reasons for the trial court’s ruling, or when there are no explicit fact findings and neither party timely requested findings and conclusions from the trial court, we imply the necessary fact findings that would support the trial court’s ruling if the evidence, viewed in the light most favorable to the trial court’s ruling, supports those findings.  
Id
.; 
see  Amador
, 221 S.W.3d at 673; 
Wiede
, 214 S.W.3d at 25.  We then review the trial court’s legal ruling de novo unless the implied fact findings supported by the record are also dispositive of the legal ruling.  
Kelly
, 204 S.W.3d at 819.

We must uphold the trial court’s ruling if it is supported by the record and correct under any theory of law applicable to the case even if the trial court gave the wrong reason for its ruling.  
State v. Stevens
, 235 S.W.3d 736, 740  (Tex. Crim. App. 2007); 
Armendariz v. State
, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003), 
cert. denied
, 541 U.S. 974 (2004).
  

The Fourth Amendment protects against unreasonable searches and seizures by government officials.  U.S. 
Const
. amend. IV; 
Wiede
, 214 S.W.3d at 24.  To suppress evidence because of an alleged Fourth Amendment violation, the defendant bears the initial burden of producing evidence that rebuts the presumption of proper police conduct.
  
Amador
, 221 S.W.3d at 672.  A defendant satisfies this burden by establishing that a search or seizure occurred without a warrant.  
Id
.  Once the defendant has made this showing, the burden of proof shifts to the State, which is then required to establish that the search or seizure was conducted pursuant to a warrant or was reasonable.  
See
 
Tex. Code Crim. Proc. Ann.
 arts. 18.01, 18.04 (Vernon Supp. 2007) (providing requirements for issuance of a search warrant); 
Amador, 
221 S.W.3d at 673; 
Torres v. State
, 182 S.W.3d 899, 902 (Tex. Crim. App. 2005); 
Ford v. State
, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005).

Whether a search is reasonable is a question of law that we review de novo.  
Kothe v. State
, 152 S.W.3d 54, 62 (Tex. Crim. App. 2004).  Reasonableness is measured by examining the totality of the circumstances.  
Id
. at 63.  It requires a balancing of the public interest and the individual’s right to be free from arbitrary detentions and intrusions.  
Id
.  A search conducted without a warrant is per se unreasonable unless it falls within one of the “specifically defined and well-established” exceptions to the warrant requirement.  
McGee v. State
, 105 S.W.3d 609, 615 (Tex. Crim. App.), 
cert. denied
, 540 U.S. 1004 (2003); 
see
 
Best
, 118 S.W.3d at 862.  

A detention, as opposed to an arrest, may be justified on less than probable cause if a person is reasonably suspected of criminal activity based on specific, articulable facts.  
Terry v. Ohio
, 392 U.S. 1, 22, 88 S. Ct. 1868, 1880 (1968); 
Carmouche v. State
, 10 S.W.3d 323, 328 (Tex. Crim. App. 2000)
.  An officer conducts a lawful temporary detention when he or she has reasonable suspicion to believe that an individual is violating the law.  
Ford
, 158 S.W.3d at 492.  Reasonable suspicion exists when, based on the totality of the circumstances, the officer has specific, articulable facts that when combined with rational inferences from those facts, would lead him to reasonably conclude that a particular person is, has been, or soon will be engaged in criminal activity.  
Id
. at 492-93.  This is an objective standard that disregards any subjective intent of the officer making the stop and looks solely to whether an objective basis for the stop exists.  
Id
. at 492.

Reasonable suspicion

We must first address whether Officer Hall had reasonable suspicion to stop appellant and investigate potential criminal activity.  Officers have authority to stop and briefly detain persons who are suspected of criminal activity on less information than is constitutionally required for probable cause to arrest.  
Davis v. State, 
947 S.W.2d 240, 244 (Tex. Crim. App. 1997); 
Tucker v. State, 
183 S.W.3d 501, 508 (Tex. App.—Fort Worth 2005, no pet.).  
Temporary investigative detentions are appropriate when officers have “specific articulable facts, which, premised upon [the officer’s] experience and personal knowledge, when coupled with logical inferences from those facts would warrant the intrusion on the detainee.”  
Davis, 
947 S.W.2d at 244; 
Tucker, 
183 S.W.3d at 508.  To satisfy the Fourth Amendment and 
Terry v. Ohio, 
we review reasonableness of the stop by looking to the justification for the stop and also consider the reasonableness of the scope of the detention.  392 U.S. at 19-20, 88 S. Ct. 1879; 
Tucker, 
183 S.W.3d at 508. 

Texas Transportation Code section 547.606(a) states that semitrucks must be equipped with safety flaps that are within eight inches of the surface of the highway.  
Tex. Transp. Code Ann
. § 547.606(a) (Vernon 1999).  O
nly two witnesses, Officer Hall and appellant
, testified at the suppression hearing.  Officer Hall testified that mud flaps, which are not the appropriate length, kick debris into the air, causing damage to other vehicles’ windshields.  He observed appellant’s right rear mud flap sailing out behind the truck and kicking debris in the air.  Officer Hall believed that the mud flap was too short 
and in violation of the eight-inch rule in section 547.606(a) of the transportation code.  
Tex. Transp. Code Ann.
 § 
547.606(a)(2).  Once Officer Hall reasonably believed that appellant might have committed a traffic violation, he had reasonable suspicion to stop appellant and investigate. 
 See Tucker, 
183 S.W.3d at 508 (stating that reasonable suspicion exists when an officer has specific, articuable facts that would cause him to reasonably conclude that a particular person is, has been, or soon will be engaged in criminal activity)
.
  Thus, we conclude that Officer Hall had specific, articuable facts that allowed him to reasonably conclude that appellant was engaged in criminal activity.
(footnote: 2)  
See id.

Scope of the detention

We must next determine whether the scope of the detention was proper. 
During a traffic stop, the police may ask for identification, a valid driver’s license, and proof of insurance.  
Id
.  Police may also check for outstanding warrants.  
Id
.  During the stop, however, an officer must use the least intrusive means reasonably available to verify or dispel the officer’s suspicion in a reasonable period of time.  
Id.
 (citing 
Davis, 
947 S.W.2d at 245).

Here, Officer Hall stopped appellant, approached the truck, and asked appellant to accompany him back to the patrol car with his commercial paperwork and driver’s license.  Officer Hall then ran a driver’s license check on appellant and discovered appellant’s outstanding felony warrant for theft.  From the time Officer Hall stopped appellant, reviewed his paperwork, and checked for warrants, only about twenty minutes had passed.  We conclude that Officer Hall’s detention and investigation was handled in a reasonably limited and timely manner.  

Search incident to arrest

Finally, appellant argues that the search of his truck was improper because he was not yet under arrest at the time of the search.
(footnote: 3)  Thus, we must determine whether the arrest and search incident to the arrest were valid. 

When an officer initiates a valid 
Terry 
detention based on reasonable suspicion and discovers that an open warrant exists for that person’s arrest, he or she may lawfully arrest the person and conduct a search of the vehicle incident to arrest.  
Tex. Code Crim. Proc. Ann.
 art. 15.01 (Vernon 2005); 
Satterwhite v. State,
 726 S.W.2d 81, 87 (Tex. Crim. App. 1986), 
rev’d on other grounds
, 486 U.S. 249, 108 S. Ct. 1792 (1988); 
Garza v. State, 
161 S.W.3d 636, 641 (Tex. App.—San Antonio 2005, no pet.); 
Willis v. State, 
176 S.W.3d 240, 243 (Tex. App.—Houston [1st Dist.] 2004, pet. ref’d).  Once an officer has probable cause to arrest, he may search the vehicle incident to the arrest.  
McGee
, 105 S.W.3d at 614.  It is irrelevant that the arrest occurs immediately before or after the search as long as sufficient probable cause exists for the officer to arrest before the search.  
State v. Ballard
, 987 S.W.2d 889, 892 (Tex. Crim. App. 1999).
 

Here, once Officer Hall discovered the felony warrant, he had probable cause to arrest appellant.  Officer Hall had already informed appellant that if appellant had an outstanding warrant for his arrest, Officer Hall would have to take him to the police station.  Upon the discovery of appellant’s outstanding felony warrant, Officer Hall placed appellant in handcuffs so he could secure and search appellant’s truck.
(footnote: 4)  When a law enforcement officer creates a situation that would lead a reasonable person to believe his freedom of movement has been significantly restricted or when there is probable cause to arrest and the law enforcement officer does not tell the suspect he is free to leave, a reasonable person would believe that his freedom of movement was restrained to the degree associated with a formal arrest.  
See 
Tex. Code Crim. Proc. Ann.
 art. 15.22 (Vernon 2005); 
see also Dowthitt v. State, 
931 S.W.2d 244, 254 (Tex. Crim App. 1996)
; Cagle v. State, 
23 S.W.3d 590, 592 (Tex. App.—Fort Worth 2000,  pet. ref’d).  In this case, a reasonable person would have believed that he was in custody and not free to leave once Officer Hall discovered the outstanding felony warrant.  We conclude and hold that appellant was under arrest when Officer Hall discovered the outstanding warrant and handcuffed him; thus, the search of the truck and seizure of cocaine was a valid search incident to arrest.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 15.22;
 McGee, 
105 S.W.3d at 615.  

Regardless of when the search occurred, the Texas Court of Criminal Appeals has held that it is irrelevant whether the arrest occurs immediately before or after the search as long as sufficient probable cause existed for the officer to arrest before the search.  
Ballard, 
987 S.W.2d at 892.  Here, Officer Hall had probable cause to arrest appellant as soon as he discovered the outstanding felony warrant, which occurred before he searched the truck. 
 We conclude that Officer Hall had probable cause to arrest appellant and that the search incident to that arrest was valid.  

Conclusion

Thus, we have determined, under the appropriate standard of review, that (1) Officer Hall initiated a valid 
Terry 
stop, (2) that during the reasonably limited scope of that stop he discovered an outstanding felony warrant for appellant’s arrest, and (3) he had probable cause to arrest appellant and conduct a valid search of appellant’s vehicle incident to arrest.  Therefore, we hold that the trial court did not err by denying appellant’s motion to suppress and overrule his sole point.  Having overruled appellant’s sole point, we affirm the trial court’s judgment.

TERRIE LIVINGSTON

JUSTICE

PANEL F: LIVINGSTON, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: January 31, 2008

FOOTNOTES
1:
The record appears to indicate that appellant was cited for possession of a controlled substance but arrested for his outstanding warrant.

2:
Although Officer Hall did not give appellant a citation for having noncompliant mudflaps, that is irrelevant to the validity of the initial stop and subsequent arrest and search incident to arrest.

3:
Appellant does not specifically assign a point or subpoint to this argument, but construing his brief liberally as we must, we consider this issue to be fairly raised in his challenge to the scope of the search.  
See 
Tex. R. App. P.
 38.9; 
see also Ramsey v. State, 
No. 10-06-00302-CV, 2008 WL 150662, at *6 (Tex. App.—Waco Jan. 16, 2008, no pet.).

4:
The record indicates Officer Hall handcuffed appellant but let him stay seated in the front seat.