In The
Court of Appeals
For The
First District of Texas




NO. 01-08-00225-CR




TROY KEITH LOCKETT, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 262nd District Court
Harris County, Texas
Trial Court Cause No. 1154972


 

MEMORANDUM OPINION
 
          Appellant, Troy Keith Lockett, appeals his conviction for the felony offense
of possession with intent to deliver cocaine. Specifically, appellant complains that
the trial court abused its discretion by failing to suppress evidence obtained from
unlawful detention by police officers, and alternatively, that the scope of his detention
was unreasonable. We affirm.
Background
          Officer Jerry McClain of the Houston Police Department received a tip from
a reliable confidential informant that a black male was selling crack cocaine on the
3300 block of Winbern. The informant also provided Officer McClain a description
of the vehicle from which the drugs were being sold, a black Dodge Durango, and the
license plate of the vehicle. When Officer McClain drove to that location in an
unmarked vehicle, he saw the black Durango, parked on the wrong side of the street
with appellant in the driver’s seat. As Officer McClain watched, several people
approached the driver’s side of the parked Durango, reached into the car and walked
away with their hands cupped. Officer McClain formed a belief that narcotics were
indeed being sold from the vehicle. After about 10 minutes, the Durango drove away
from the curb. As the Durango drove away, Officer McClain followed and radioed
for a marked patrol unit to stop the Durango. As Officer McClain followed the
Durango at a distance of one car length, he saw the Durango approach a stop sign,
“slow down just a little bit” as it went through the intersection, and then make a right-hand turn. Upon observing what he believed to be a traffic violation, Officer
McClain radioed patrol units and asked them to stop appellant. Approximately two
blocks after the Durango failed to stop at the stop sign, a marked patrol car
approached the Durango and directed it to stop. Appellant was then arrested for
running a stop sign. After arresting appellant, handcuffing him and placing him in
a patrol car, officers searched the Durango. Because it was raining heavily at that
time, officers moved the Durango into a nearby parking garage to search it. 
Approximately 10 minutes after police stopped the Durango, officers found crack
cocaine under the driver’s seat and a small digital scale in the center console. 
          Appellant was indicted for the first-degree felony offense of possession with
intent to deliver four to 200 grams of cocaine. Appellant waived trial by jury. Prior
to trial, appellant moved to suppress the evidence found in his vehicle on the grounds
that the police had not had adequate probable cause to make the traffic stop. The trial
court heard testimony from Officer McClain and the two arresting officers, as well
as from appellant, who denied that he ran the stop sign. The trial court denied
appellant’s motion to suppress the evidence. After the trial court’s ruling, appellant
pled guilty to the offense and true to two enhancement paragraphs. The trial court
assessed punishment at 25 years’ confinement. 
          In four points of error, appellant now complains of the trial court’s denial of
his motion to suppress. In his first and second points of error, appellant argues that
the trial court abused its discretion by denying his motion because the evidence
resulted from an unlawful investigative detention that violated the United States and
Texas Constitutions. In his third and fourth points of error, appellant argues that the
scope of the investigative detention violated the United States and Texas
Constitutions.
Standard of Review
          In reviewing the trial court’s ruling on a motion to suppress evidence, we apply
a bifurcated standard of review. Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim.
App. 2000); Blake v. State, 125 S.W.3d 717, 722 (Tex. App.—Houston [1st Dist.]
2003, no pet.). We give almost total deference to the trial court’s determination of
historical facts that depend on credibility, while we conduct a de novo review of the
trial court’s application of the law to those facts. Carmouche, 10 S.W.3d at 327. The
trial court is the sole judge of the credibility of the witnesses and decides the weight
to give their testimony. Villarreal v. State, 935 S.W.2d 134, 138 (Tex. Crim. App.
1996); Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990). If, after a
hearing on a motion to suppress, the trial court does not file findings of fact, as here,
we view the evidence in the light most favorable to the trial court’s determination,
and we assume that the trial court made implicit findings of fact in support of its
determination if those findings are supported by the record. State v. Gray, 158
S.W.3d 465, 467 (Tex. Crim. App. 2005). We must sustain the trial court’s ruling if
it is reasonably supported by the record evidence and is correct under any theory of
law applicable to the case. State v. Ross, 32 S.W.3d 853, 855–856 (Tex. Crim. App.
2000).
Analysis
          In four points of error, appellant argues that that the trial court’s denial of the
motion to suppress was an abuse of discretion because the evidence was derived from
a detention that was unlawful because (1) it was not supported by probable cause,
thus violating the United States and Texas Constitutions; and (2) it lasted three and
a half hours, which appellant contends was an unreasonable length of time under the
circumstances. 
          Appellant cites various authorities for the proposition that an investigative
detention is permitted only if it is supported by reasonable suspicion, defined by case
law as a particularized and objective basis for suspecting the person is, has been, or
soon will be engaged in criminal activity. See, e.g., Terry v. Ohio, 392 U.S. 1, 22, 88
S.Ct. 1868, 1880 (1968); Ford v. State, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). 
Whether an officer has such reasonable suspicion to make an investigatory stop must
be based on an objective standard, and we must consider the totality of the
circumstances at the time of the stop. Garcia v. State, 43 S.W.3d 527, 530 (Tex.
Crim. App. 2001); Icke v. State, 36 S.W.3d 913, 916 (Tex. App .—Houston [1st Dist.]
2001, pet. ref’d). When such reasonable suspicion is formed, and an investigative
stop is performed, an officer may conduct a limited search for weapons if that officer
reasonably believes that the person detained poses a threat to his safety or the safety
of others. Terry, 392 U.S. at 27, 88 S. Ct. at 1883. “If the protective search goes
beyond what is necessary to determine if the suspect is armed, it is no longer valid
under Terry and its fruits will be suppressed.” Minnesota v. Dickerson, 508 U.S. 366,
373, 113 S. Ct. 2130, 2136 (1993). “[A]n investigative detention must be temporary
and last no longer than is necessary to effectuate the purpose of the stop [and] . . . the
investigat[ory] methods employed should be the least intrusive means reasonably
available to verify or dispel the officer’s suspicion. . . .” Florida v. Royer, 460 U.S.
491, 500, 103 S. Ct. 1319, 1325–26 (1983). The Supreme Court has rejected any
rigid time limit on the duration of a valid Terry stop. Kothe v. State, 152 S.W.3d 54,
64 (Tex. Crim. App. 2004). 
          There is no requirement that a particular statute actually be violated in order
to give rise to reasonable suspicion to support an investigative stop. See McQuarters
v. State, 58 S.W.3d 250, 255 (Tex. App.—Fort Worth 2001, pet. ref’d). Rather, an
officer need have only a reasonable basis for suspecting that a person has committed
a traffic offense in order to initiate a legal traffic stop. See id. Thus, at a suppression
hearing for a search performed during an investigative stop, the State is not required
to show a traffic offense was actually committed, but only that the officer reasonably
believed a violation had occurred. See id.; Tex. Dep’t of Pub. Safety v. Fisher, 56
S.W.3d 159, 163 (Tex. App.—Dallas 2001, no pet.); Valencia v. State, 820 S.W.2d
397, 400 (Tex. App.—Houston [14th Dist.] 1991, pet. ref’d). 
          In contrast to more limited investigative stops, when law enforcement officers
make a lawful arrest, they may search, as incident to that arrest, the person arrested
and the area within his immediate control. See, e.g., Chimel v. California, 395 U.S.
752, 763, 89 S. Ct. 2034, 2040 (1969). When the person arrested is a recent occupant
of a vehicle, the passenger compartment of that vehicle may also be searched incident
to the person’s arrest. See, e.g., Thornton v. United States, 541 U.S. 615, 617, 124
S. Ct. 2127, 2129 (2004); New York v. Belton, 453 U.S. 454, 460, 101 S. Ct. 2860,
2864 (1981); Willis v. State, 176 S.W.3d 240, 243 (Tex. App.—Houston [1st Dist.]
2004, pet. ref’d). 
Was appellant lawfully arrested?
          The Transportation Code requires drivers to stop at stop signs unless directed
to proceed by a police officer or traffic control signal. See Tex. Transp. Code Ann.
§ 544.010 (Vernon 1999). Further, the Code explicitly authorizes any peace officer
to arrest, without a warrant, a person found committing a traffic violation. Tex.
Transp. Code Ann. § 543.001 (Vernon 1999). At the suppression hearing, Officer
McClain specifically testified that he saw appellant fail to stop at a stop sign at a two-way intersection. For his part, appellant denied that he failed to stop, and he further
testified that no stop sign existed on the corner in question. 
          On appeal, appellant contends that the State had the burden to show that his
alleged failure to stop was “unreasonable and imprudent” and was not, for example,
caused by his compliance with an unknown police officer or traffic control signal. 
Without such evidence, appellant argues that the State cannot show that his arrest was
lawful and our analysis of the search and the trial court’s ruling must rest on therefore
be based upon the body of case law rising from Terry v. Ohio and similar cases. We
disagree. 
          The question is not whether the State adequately proved that appellant ran the
stop sign and violated the statute. Instead, the question we must address is whether
appellant was lawfully arrested. If he was, then the search of his Durango was a
search incident to that arrest and is analyzed as such.
          Probable cause to arrest exists when the facts and circumstances within the
arresting officer’s knowledge and of which he has reasonably trustworthy information
are sufficient in themselves to warrant a person of reasonable caution to believe an
offense has been or is being committed. See, e.g., Atwater v. City of Lago Vista, 532
U.S. 318, 354, 121 S. Ct. 1536, 1557 (2001) (“If an officer has probable cause to
believe that an individual has committed even a very minor criminal offense in his
presence, he may, without violating the Fourth Amendment, arrest the offender.”);
Amores v. State, 816 S.W.2d 407, 413 (Tex. Crim. App. 1991). The determination
of probable cause hinges on “the factual and practical considerations of everyday life
on which reasonable and prudent [people], not legal technicians, act.” Woodward v.
State, 668 S.W.2d 337, 345 (Tex. Crim. App. 1982). Probable cause requires more
than mere suspicion but far less evidence than that needed to support a conviction or
to support a finding by a preponderance of the evidence. See id. The rule of probable
cause seeks to accommodate the sometimes opposing interests of (1) safeguarding
citizens from rash and unreasonable police conduct and (2) giving fair leeway to
legitimate law enforcement efforts. See id. at 345–46. “Proof of probable cause to
detain or arrest a person need not be as strong or direct as the proof required to
establish the offense.” Howard v. State, 932 S.W.2d 216, 218 (Tex.
App.—Texarkana 1996, pet. ref’d).
          As the sole judge of the credibility of the witnesses, the trial court was entitled
to disregard appellant’s claim that he did not fail to stop at a stop sign, and could have
instead credited Officer McClain’s testimony that a stop sign existed on the corner
in question and that appellant failed to stop as required. See, e.g., Villarreal v. State,
935 S.W.2d 134, 138 (Tex. Crim. App. 1996). Appellant never offered any testimony
or evidence to imply that an officer or traffic-control signal directed him to ignore the
stop sign and proceed through the intersection in question; instead, he insisted that
he did not run a stop sign. 
Q: And basically, the gist of your testimony is that you didn’t run a stop sign, 
 so the police shouldn’t have stopped you, right?

          A: Yes, ma’am.
Accordingly, the trial court’s implied determination that a stop sign existed at the
intersection, and that Officer McClain had, at a minimum, probable cause to believe
that appellant failed to stop as required at the stop sign is supported by evidence in
the record. See Willis, 176 S.W.3d at 243 (sustaining trial court’s ruling admitting
evidence from search of vehicle as reasonably supported by record); see also
Villarreal, 935 S.W.2d at 138; Marsh v. State, 613 S.W.2d 294, 297 (Tex. Crim. App.
1981) (finding that officer’s unrebutted testimony that stop sign existed at
intersection in question was prima facie proof of the official nature of the stop sign,
and that defendant was therefore required to stop at it). Because the record supports
the trial court’s implied finding that Officer McClain reasonably believed that
appellant failed to stop at a stop sign as required, the search of the front seat and
glove box of appellant’s car was performed incident to appellant’s lawful arrest based
upon Officer McClain’s reasonable belief that appellant had failed to stop.
          Because the search was performed incident to a lawful arrest, the trial court did
not abuse its discretion in denying the motion to suppress. We overrule appellant’s
four points of error.
Conclusion
          We affirm the judgment of the trial court.
                                                              
                                                             George C. Hanks, Jr.
                                                             Justice
 
Panel consists of Justices Jennings, Hanks and Bland. 
Do not publish. Tex. R. App. P. 47.2(b).